## Staunton

ARTHUR S. ANGELL v. C. H. McDANIEL.

September 19, 1935.

Present, All the Justices.

The opinion states the case.

*H. M. Fox,* for the plaintiff in error.

*Jesse T. Meadows* and *Worrell & Worrell,* for the defendant in error.

GREGORY, J., delivered the opinion of the court.

C. H. McDaniel instituted an action for damages against Arthur S. Angell for personal injuries arising out of a collision between an automobile being operated by himself, and another being operated by one Allen, as agent for the defendant Angell. The case was tried by a jury and a verdict was rendered in favor of the plaintiff, McDaniel, for

the sum of $2,500.00, upon which the court entered judgment.

The sole point raised here is whether or not the plaintiff was guilty of such contributory negligence as would bar his recovery. The defendant, Angell, concedes the original negligence of his driver.

The collision occurred in the city of Roanoke at the intersection of Campbell avenue and Thirteenth street. Thirteenth street, in addition to its automobile traffic, carries a street car line. Campbell avenue is the main thoroughfare going west and is known as the Lee highway. These two streets intersect at right angles. Campbell avenue runs practically east and west and it is thirty feet wide between curbs, while Thirteenth street runs practically north and south and is thirty or thirty-one feet wide. There is a vacant lot at the southeast corner of the intersection and on the side of the lot which runs with Thirteenth street there was a hedge. On the front of the lot which fronts on Campbell avenue there was also a hedge. These hedges were some five or six feet high.

Campbell avenue looking to the east is straight. Thirteenth street at this point and approaching it from both directions for a considerable distance is also straight.

The collision occurred on the 12th day of March, 1934, at about 12 o'clock in the middle of the day. The day was clear and the streets were dry. The plaintiff was driving a Reo coupe and proceeding in a northerly direction on Thirteenth street, at fifteen or eighteen miles per hour. The defendant's car which was a LaSalle was being driven by Allen in a westerly direction along Campbell avenue approaching Thirteenth street, at a speed estimated to be between sixty and seventy miles an hour. The front end of the plaintiff's car had practically cleared the intersection when the defendant's car was driven into the plaintiff's car.

Allen, who was driving the car of the defendant, was not available as a witness at the time of the trial. The

defendant concedes that his driver was driving at an excessive speed; that he did not keep a proper lookout and was therefore guilty of negligence. As previously stated, the sole question to be determined here is whether or not the plaintiff was guilty of contributory negligence in entering the intersection under the circumstances then existing.

It is asserted in the petition that the plaintiff was guilty of such negligence as barred his recovery as a matter of law, and therefore the trial court committed reversible error in refusing to set aside the verdict. It is charged that the plaintiff's own evidence convicts him of such negligence. He testified that he was driving north on Thirteenth street at about fifteen to eighteen miles per hour and as he approached the intersection he recalled that it was a "very dangerous corner as I have seen several wrecks there and I take extra precautions—always do—to see that nothing is coming west. He also said that when "I got where I could see down below the church and didn't see anything of a car at all, so when I entered the intersection, when I got almost across Campbell avenue I was struck * * *." A map of the physical surroundings was introduced and the plaintiff testified from it. The questions propounded and the plaintiff's answers aided by the map gave the court, jury and counsel an advantage over this court. The testimony given in the light of the map was quite likely more intelligible to them than it is to us. The following question of counsel and answer of the plaintiff illustrates the point:

"Q. Let me interrupt you there a moment: Will you show the jury on this map just about what was the position of your automobile at the time the Angell car struck you?

"A. You understand I was going north, I was on the right side of Thirteenth street, which is correct according to the rules of traffic, I was on that side close to the curb; this man was coming west on Campbell, he was on the

right side, which is also correct; when I entered here, there is a hedge here, and at that time of the year there was no leaves on that hedge at all, they hadn't put out. I could see very plainly down Campbell avenue, I could see down beyond the church and almost to the next street, that nobody was coming at all, but when I entered the intersection I proceeded on across, the head of the car, that is the front end of it, had gotten almost across the street when I was struck, struck my car right here (indicating) ; this car coming up here skidded his wheels thirty-six feet by actual measurement; it had four wheel brakes, it was a clear day, the streets were perfectly dry, no reason in the world for skidding unless he put on the brakes with force; his car, as I understand, weighs 4,600 pounds. Well, you gentlemen know that it takes a pretty good brake to skid that much space."

The plaintiff's car was almost demolished by the terrific impact and he was seriously injured.

Another witness testified that his attention was attracted to the defendant's car on account of the "hum of the motor" and as it approached and entered the intersection it was being driven at "least sixty to seventy miles per hour, if not more," and that the brakes were not applied before the car entered the intersection. This testimony is not controverted. This witness also testified that the front part of the plaintiff's car had cleared the intersection leaving only the rear portion in the intersection. It was the rear portion which was struck.

It is asserted and often repeated that the plaintiff drove into the intersection without first looking to his right for approaching traffic; that if he had looked he would, of necessity, have seen the defendant's car approaching at a rapid rate of speed and that his failure to look efficiently, before going into the intersection was negligence as a matter of law. A civil engineer was placed on the stand and he, by mathematical demonstration, showed how far from given points one approaching on

Thirteenth street could see to the right on Campbell avenue. Again attempt was made to establish by mathematical calculations by taking certain speeds and distances from the intersection that the plaintiff either did not look to his right at all or that if he did so, he failed to look efficiently. But in making these assertions the defendant ignores the statement of the plaintiff that he in fact did look to his right on Campbell avenue before he drove into the intersection but did not see the defendant's car. Another fact ignored is that the plaintiff only was required to look down Campbell avenue for a reasonable distance for approaching traffic. He certainly was not required to anticipate and foresee that the defendant's car would be driven into the intersection at sixty to seventy miles an hour without diminishing its speed. He stated that he looked and could see very plainly down Campbell avenue almost to the next cross street. If he seasonably looked for a reasonable distance considering all of the surrounding circumstances he was not guilty of contributory negligence as a matter of law in driving into the intersection. At most it was a jury question. The driver of the defendant's car was guilty of the grossest kind of negligence in driving his car at sixty to seventy miles per hour into this intersection. It was the proximate cause of the plaintiff's injury.

The instructions are not in the record. They, no doubt, fairly submitted the issue of whether or not the plaintiff was guilty of contributory negligence to the jury. This, of course, was the material question in the case. The burden of proving it was upon the defendant but from the record it is apparent that he has failed. At least the most favorable view that could be taken from the standpoint of the defendant was that it was a jury question.

This case has no unusual feature other than the excessive and reckless speed at which the defendant's car was being driven. The legal principles controlling such cases need not be restated nor the cases re-examined. The

plaintiff in error relies upon *Johnson* v. *Harrison,* 161 Va. 804, 172 S. E. 259, but that case is distinguishable. There the automobiles were being driven on highways in the country. The drivers could see each other as they approached across the field, which was level, for at least one-tenth of a mile before they reached the intersection. In the present case the collision occurred at the intersection of streets in the city. The distance from which the driver of one car could have seen the other car was not near so great and here the plaintiff looked but saw no car approaching while in the *Johnson Case* the plaintiff did not look within a reasonable distance from the intersection. The negligence of the driver of the defendant's car in the case at bar (approaching a dangerous intersection of city streets, one of which carried an electric car line, and driving at from sixty to seventy miles per hour) was of the grossest nature.

A case quite similar in facts to this one is *Erastus C. Rawle* v. *Anita McIlhenny,* 163 Va. 735, 177 S. E. 214. There the collision occurred at street intersections and the chief defense was contributory negligence. It was strenuously urged that the plaintiff should have seen the defendant approaching the intersection and that she was guilty of contributory negligence in driving into the intersection under the circumstances, but this court permitted a recovery to stand. There were other questions discussed in the opinion but it was held that the motion of the defendant to strike the plaintiff's evidence because of the latter's contributory negligence was correctly refused. The court further held that inasmuch as the defendant failed to insist upon his motion by subsequently introducing evidence in his own behalf, he waived it.

For the reasons stated we affirm the judgment of the trial court.

*Affirmed.*