# Richmond

## GRIFFIN L. STAPLES v. GENE SPENCE.

March 2, 1942.

Record No. 2480.

Present, All the Justices.

The opinion states the case.

*Michael B. Wagenheim* and *William G. Maupin,* for the plaintiff in error.

*Drewry & Cromwell,* for the defendant in error.

HUDGINS, J., delivered the opinion of the court.

This writ of error brings under review the action of the trial court, sustaining a motion to strike plaintiff's evidence at the close of his case.

Plaintiff, with two other guests, was riding north on Elm avenue in Portsmouth in a Chevrolet coach operated by J. R. Wood. The time was 1:15 a. m., November 13, 1940. These men were going home from work at the Dry Dock Associates, Norfolk Navy Yard. As the automobile crossed the intersection of Elm avenue and Lincoln street, it was struck by a westbound Pontiac sedan owned and operated by the defendant, Gene Spence.

Elm avenue runs north and south and is 30 feet wide from curb to curb. Lincoln street intersects it at right angles and is 30 feet wide from curb to curb. Both streets are level and smooth-paved with asphalt. At this intersection there is a traffic light, which operates during the day and until 1:00 a. m. It was not in operation at the time of the accident.

As a result of the impact, two of the occupants of the Wood car were thrown clear. The other two were caught in the overturned car. All were knocked unconscious and remained so for some time thereafter. The Spence car continued across Elm avenue some 30 feet beyond the intersection and turned over. The Wood car went across Elm avenue from east to west and came to rest upside down about 40 feet from the intersection. The Spence car was damaged in front, indicating a head-on impact with some object. The force of the impact on the Wood car seems to have been immediately to the rear of the right door. There were other marks upon it indicating that it had been damaged in turning over before coming to rest upon the sidewalk.

The negligence alleged was that defendant "drove an automobile with faulty brakes and defective lights west on Lincoln street at an excessive rate of speed; * * * failed to keep a proper lookout, and had no lights."

The positive testimony for plaintiff is that the Wood car approached the crossing traveling at about 25 miles per hour. This speed was reduced to approximately 10 miles per hour as the car entered the intersection. The driver and one pas-

·senger looked east up Lincoln street and saw no automobile headlights approaching from that direction. Wood testified that he looked carefully and saw no car approaching with lights on it. No lights of any sort flashed in his face or in his car at the time of the impact. This witness said further that his front wheels had crossed the intersection and were a foot or so beyond the north curb line of Lincoln street at the moment his car struck.

The four occupants of the Wood car, as heretofore stated, were knocked unconscious and hence knew nothing of the events occurring after the impact.

[■] Defendant contends that the testimony of the two witnesses, who stated that they did not see the headlights of an approaching automobile, is negative and therefore has no probative value. The rule defining what is and what is not negative testimony was stated by this court, in *Southern Ry. Co.* v. *Bryant's Adm'r*, 95 Va. 212, 28 S. E. 183, thus: "But where a witness, who denies a fact in question, has as good opportunity to see or hear it as he who affirms it, and his attention, because of special circumstances, was equally drawn to the matter controverted, the general rule that the witness who affirms a fact is to be believed rather than he who denies it does not hold good. The denial of the one in such case constitutes positive evidence as well as the affirmance of the other, and produces a conflict of testimony."

■ There is no conflict in the testimony here. The witnesses stated that they were familiar with this crossing. Wood said it was dangerous when the traffic light was not on, that he looked and he looked carefully to his right up Lincoln street for the particular purpose, and that he saw no headlights approaching. Under these circumstances, this is positive and not negative testimony.

As we said in the case of *Virginian Ry. Co.* v. *Haley*, 156 Va. 350, 157 S. E. 776: "Where a witness testifies that he did not hear a particular sound at a particular time and place, if the evidence shows that he had a good opportunity to hear it, and that the circumstances were such that it is probable

that he would have heard it, if it had occurred, or that his attention was in some way drawn to the matter controverted, his testimony is positive, rather than negative, or what may be called *quasi-positive* testimony."

[■ The general rule applicable to motions to strike plaintiff's evidence has been stated and restated in numerous cases. Many of them are cited in the briefs. "All inferences which a jury might fairly draw from plaintiff's evidence must be drawn in his favor; and where there are several inferences which may be drawn from the evidence, though they may differ in degree of probability, the court must adopt those most favorable to the party whose evidence it is sought to have struck out, unless they be strained, forced, or contrary to reason." *Green* v. *Smith*, 153 Va. 675, 151 S. E. 282.

■ With these guiding principles in mind, we again turn to the evidence and find that the case for the plaintiff may be stated as follows: The car in which plaintiff was riding as a guest approached the intersection at a proper and reasonable rate of speed. The operator looked carefully to his right up Lincoln street and saw no car approaching with headlights burning. After the car had crossed two-thirds of the intersection, or more than 20 feet of the 30-foot space, it was struck by the defendant's car, which was being driven at night without headlights burning. This is sufficient to sustain the allegation that defendant was operating his car at night without lights.

■ The trial court permitted plaintiff to introduce photographs of the automobiles taken after the accident, but refused to permit the witnesses to describe the condition of the cars to the jury. The purpose of permitting the photograph of an object to be introduced in evidence is to furnish ocular proof or pictorial communication of the condition of the object. If the condition of the object is relevant and material to the issue, such condition may be established either by verbal or photographic description, or by both.

■ Proof of the condition of the cars was offered to show what part of the Spence car collided with the Wood car and *vice versa*. The extent of the damage to the cars has

a tendency to show the force of the impact and has some bearing upon the rate of speed at which the cars were traveling. It was error to reject the testimony offered.

The judgment of the trial court is reversed and the case remanded for a new trial.

*Reversed and remanded.*