# Richmond

## Z. F. MOORE v. P. G. VICK AND IRMA P. VICK.

March 8, 1943.

Record No. 2624.

Present, Campbell, C. J., and Holt, Hudgins, Gregory, Eggleston and Spratley, JJ.

The opinion states the case.

*Montague & Holt*, for the plaintiff in error.

*Kearney & Kearney*, for the defendants in error.

CAMPBELL, C. J., delivered the opinion of the court.

The plaintiff, Z. F. Moore, brought an action at law by notice of motion to recover damages in the sum of $2,500 against the defendants, P. G. Vick and Irma P. Vick, for injuries received in a collision between an automobile operated by plaintiff and one operated by Irma P. Vick.

Irma P. Vick filed a cross-claim under section 6097-a, Michie's Code, Acts 1932, p. 23, for the recovery of damages in the sum of $5,000, against the plaintiff, Moore.

Each litigant alleged that the injuries sustained were due to the negligent operation of the automobile by the other. It appearing that P. G. Vick was not in any way involved in the accident, he was, on motion, dismissed as a party defendant.

There was a trial by a jury which resulted in a verdict in favor of Irma P. Vick in the sum of $200.

It is assigned as error that the court erred in overruling the motion of plaintiff, made at the conclusion of the evidence, to strike defendant's evidence relative to her cross-claim, and in refusing to set aside the verdict of the jury and grant the plaintiff a new trial.

The collision occurred on the morning of March 16, 1940, at approximately 9 o'clock. The plaintiff, at the time of the collision, was driving his automobile in an easterly direction along Virginia State Highway No. 60, which was a hard-surfaced, three-lane road, forty-four feet wide. The defendant was driving her automobile in a southerly direction on State Highway No. 168, which runs north and south and is approximately sixty feet wide. At the time of the collision the roadways were dry, the weather was clear and the speed limit was fifty-five miles per hour. There were two stop signs located on route No. 168 at its intersection with route No. 60, on both sides thereof.

Plaintiff testified that as he approached the highway intersection he looked and ascertained there were no cars in front of him on route No. 60, no cars approaching from his right No. 168 and only the car of defendant approaching at a distance of approximately one hundred feet from the intersection on his left on route 168; that he continued into the intersection and had proceeded one-half or two-thirds of the way across the highway when the collision occurred.

The defendant testified that on the day of the accident she, accompanied by her twelve year old daughter, was driving her car and that when she reached the intersection she brought it to a full stop, looked to the right and left and also in front; that she could see for a distance of 125 or 150 yards to her right and she saw no car approaching; that she proceeded into the highway and when the front wheels of her car had crossed the hard surface of route No. 60, her car was struck near the center, on the right side, by the car of plaintiff.

■ When the cars collided, the car of defendant was propelled to its left, causing the young daughter to fall out of the open door; it then turned a complete "somersault," landing upon its wheels, and then proceeded toward the east side of route 168, knocked down a stop sign and came to a stop on the lawn of a private owner, twenty-five feet from the highway. The defendant was also thrown out of the car and rendered unconscious. Neither of the litigants sustained permanent injuries.

It is apparent that the evidence disclosed by the physical facts was sufficient to convict the plaintiff of driving his car at a rapid rate of speed. The further fact that the car of defendant was struck in the center, on the right side, supports the legal inference that if plaintiff had kept a proper lookout, he could have avoided the accident.

We are, therefore, of opinion that the trial court was correct in its conclusion that the plaintiff was guilty of primary negligence. This being true, did the court err in refusing to sustain the motion of the plaintiff to strike the evidence of the defendant introduced to support her cross-claim for damages?

■ Admitting, for the sake of argument, that defendant stopped before entering the intersection, by her own testimony she admits that she had a clear view of the highway for the distance of one hundred and fifty yards to her right. This being true, it is inconceivable why she failed to see the approaching car of plaintiff. In our opinion, there is but one conclusion to be drawn, and that is, she failed to look when looking would have been effective.

In *Garrison* v. *Burns*, 178 Va. 1, 16 S. E. (2d) 306, this is said:

■ "While we are not unmindful of the weight which attaches to the verdict of a jury when the verdict has been approved by the trial court, it is the imperative function of this court to set aside the verdict of a jury, even though approved by the trial court, when the evidence does not warrant the finding of the jury."

It is apparent, from the amount awarded, that the jury was merely trying to compensate the defendant for her hospital and doctor's bills, as shown by the record, and not to allow damages for her alleged injuries.

Being of opinion that defendant was guilty of concurring negligence which bars any recovery, it was error for the trial court to overrule the motion of plaintiff to strike the evidence of defendant.

The judgment entered against Z. F. Moore on his notice of motion will be affirmed.

The judgment entered in favor of Irma P. Vick on her cross-claim will be reversed and annulled and a final judgment will be here entered for Z. F. Moore, the costs to be equally divided between the plaintiff in error and the defendants in error.

*Affirmed in part and reversed in part.*