# Richmond

## Walter D. Rook, Administrator of the Estate of Johnnie Lee Rook, Deceased, v. Atlantic Coast Line Railroad Company.

January 14, 1946.

Record No. 3009.

Present, All the Justices.

The opinion states the case.

· *E. Peyton Turner* and *William Old,* for the plaintiff in error.

*J. M. Townsend* and *E. Ennis Eanes,* for the defendant in error.

Spratley, J., delivered the opinion of the court.

This is another action arising out of that collision between a motor vehicle and a freight train, which we have this day dealt with in the case of *Atlantic Coast Line R. Co.* v. *Clements,* ante, p. 656, 36 S. E. (2d) 553. These cases were tried before the same judge with different juries. The plaintiff's decedent, Johnnie Lee Rook, nine years of age, was killed in the collision. He was one of the passengers seated on the rear seat of the automobile driven by his father, John Rook.

The evidence of the witnesses in the two cases is essentially the same, except that of Clarence Rufus Clements, the seventeen-year-old youth, who testified in each case as a witness for the plaintiff.

In the present case, Clarence testified that the driver of the car, John Rook, stopped for half a minute about forty feet west of the Virginia Avenue crossing before going on the tracks. He, six times, declared, under both direct and cross-examination, that the driver then "looked both ways," north and south, before he proceeded towards the tracks. At other times he repeated his statement in the trial of the former case that he did not see the driver look in any direction except the north.

Without objection from the plaintiff, the court, of its own motion, gave the jury an instruction, which read in part: "The Court instructs the jury that the uncontradicted evidence in this case is that Johnnie J. Rook, the driver of the automobile, in which the plaintiff's decedent was riding, stopped his said automobile before going upon the railroad tracks on which the defendant's train was approaching from the south and looked in both directions—north and south—before proceeding to drive upon said tracks; that the law is that a person who looks is presumed to see that which a lookout should reveal under the circumstances existing at the time and place of such lookout. * * * "

The jury found a verdict for the plaintiff and fixed the damages at $5,000. The trial court set aside the verdict on the ground that the negligence of the automobile driver was the sole proximate cause of the accident, and entered judgment for the defendant.

The plaintiff's sole assignment of error is that the conclusion of the trial court was not justified by the evidence. In connection therewith, but notwithstanding the verdict of the jury in his favor, he contends, in this court for the first time, that the trial court erred in telling the jury that the uncontradicted evidence showed that the driver of the automobile looked both north and south.

Plaintiff assented both as to the statement of fact and the principle of law contained in the instruction. His counsel not only failed to object, but when asked by the trial court if they had any objection, expressly stated that they had none. In effect, there was an admission or a stipulation of a fact in accord with the view of the trial judge upon the evidence as a whole. Moreover, the instruction had no effect upon the jury. It is apparent from their verdict that they disregarded its statement of fact and the principle of law applied thereto, and that the plaintiff suffered no prejudice therefrom.

While the instruction was erroneous, if the evidence as to the direction in which the driver of the automobile was looking was in actual conflict, plaintiff's failure to ob-

ject to it, or to state any grounds of objection thereto under Rule XXII of this court made it the law of the case. *Virginia Elec., etc., Co.* v. *Lenz,* 158 Va. 732, 164 S. E. 572; *Virginia Elec., etc., Co.* v. *Clark,* 179 Va. 596, 19 S. E. (2d) 693; *Acme Markets* v. *Remschel,* 181 Va. 171, 24 S. E. (2d) 430.

"Rule XXII requires that all objections to instructions requiring a ruling or judgment of the trial court, shall state with reasonable certainty the ground of such objection, and, unless it appears from the record to have been so stated, such objection will not be considered by this court. This is a mandate of the court and its purpose is that the trial judge may be informed of the precise points of objection in the minds of counsel so that it may be advised and rule intelligently." *Ross* v. *Schneider,* 181 Va. 931, 27 S. E. (2d) 154.

The plaintiff cannot be allowed to occupy a position in this court which is inconsistent with that taken by him in the trial court. *Burch* v. *Grace St. Bldg. Corp.,* 168 Va. 329, 191 S. E. 672, and cases cited.

Regardless of his assignment of error, the plaintiff concedes in his brief that if the judgment in the case of *Atlantic Coast Line R. Co.* v. *Clements, supra,* is reversed by this court, the judgment in the present case must be affirmed. In actual fact and law, the rights of the parties in the two cases are identical.

We think he is correct in taking that position. In view of the evidence in this case and for the reasons stated by us in the companion case, we are of opinion that the trial court did not err in setting aside the verdict herein and entering judgment for the defendant. We accordingly affirm its judgment.

*Affirmed.*