## Richmond

Leo Butler Company, Incorporated v. Oliver C. Wilbun.

May 7, 1951.

Record No. 3744.

Present, All the Justices.

The opinion states the case.

*T. Brooke Howard,* for the plaintiff in error.

*Armistead L. Boothe* and *William W. Koontz,* for the defendant in error.

SPRATLEY, J., delivered the opinion of the court.

Oliver C. Wilbun, hereinafter referred to as the plaintiff, instituted this action against Leo Butler Company, Incorporated, to recover damages for personal injuries sustained by him as a result of a collision in a street intersection between an automobile driven by him and a motor truck owned by the defendant and operated by its servant and employee. A cross-claim was filed by defendant for damages to its truck.

A jury, after considering the evidence and instructions of the court relating to the issues of negligence on the part of the drivers of the respective vehicles, found the plaintiff free of fault, and returned a verdict in his favor in the sum of $5,000. The trial court approved the verdict and entered judgment accordingly.

There are but two questions presented by the assignments of error: First, whether the court erred in granting instruction No. 3, and second, whether the court should have sustained defendant's motions to stike the evidence, made at the conclusion of the plaintiff's evidence and at the conclusion of all the evidence.

■ The defendant made no objection, nor took any exception to the granting of instruction No. 3 at the time it was given by the court. Moreover, it acquiesced in the statement of the principle now assailed, by incorporating the same principle in instruction B, granted by the court at its request.

It is well settled that a failure to note during the trial objection to an instruction when given precludes the questioning of the correctness of the instruction on appeal. Rule 1:8 of this Court, formerly Rule XXII. *Rook* v. *Atlantic Coast Line R. Co.,* 184 Va. 670, 672, 36 S. E. (2d) 559; *Tyree* v. *Commonwealth,* 185 Va. 628, 639, 39 S. E. (2d) 627.

The second assignment of error is based upon the claim that the evidence conclusively showed that plaintiff failed to keep a sufficient and proper lookout as he approached and entered the street crossing where the collision occurred. It is, therefore, argued that the trial court should have held that the plaintiff was guilty of contributory negligence as a matter of law and sustained the motions of the defendant to strike the evidence.

This brings us to a review of the facts, as to which there is little or no conflict.

Oliver C. Wilbun was driving his automobile on January 27, 1949, at approximately 6:25 p.m., in a westerly direction on Luray avenue, in the city of Alexandria, Virginia, towards its intersection at right angles with Mt. Vernon avenue. At that time it was dark and raining very hard. Mt. Vernon avenue is forty feet wide from curb to curb and runs north and south, while Luray avenue measures twenty-four feet from curb to curb and runs east and west. At their intersection the two avenues are level. Both run in straight lines some distance therefrom. There are no traffic control lights. On the northeast corner there is a vacant lot and on the southwest corner a street light of unstated brightness.

Wilbun, a bus driver with about seven and one-half years experience, was familiar with the flow of traffic on Mt. Vernon avenue. When he reached the intersection, he brought his car to a complete stop and looked in both directions, north and south. For a distance of a block and a half or two blocks, he saw no automobile lights and no car approaching the intersection. He did see an unlighted red object, but was uncertain whether or not it was an automobile, "resting" against the western curb of Mt. Vernon avenue about twenty-five or thirty feet north of the intersection.

Wilbun testified that, after looking to his right and left on Mt. Vernon avenue and seeing no approaching automobile, he put his car in low gear and started across the intersection. When he was two-thirds or more of the way across, he heard a noise like a racing motor, and as he glanced to his right he saw a flash of light, described by him as like a flash of lightning, and immediately felt the impact of a vehicle striking his automobile. He said he did not have time between the flash of light and the collision to notice whether the vehicle which struck him then had two headlights. At the moment of the collision the front wheels of his car were approximately at a point on an extension of the curb line of the west side of Mt. Vernon avenue, and his car was about two feet from the right or northern curb line of Luray avenue. After the accident, the headlights of both vehicles were burning. Wilbun said he did not know whether the red object he saw on Mt. Vernon avenue struck him or not, as he did not see it start off.

The vehicle that struck plaintiff's car was a truck which belonged to the defendant and was driven by William Rogers, its employee. It was red in color. Photographs of the two vehicles showed that plaintiff's automobile, a two-door car, was struck just about the door on its right side. The truck was damaged on its left front fender and grille.

A disinterested witness, Howard St. Clair, was walking south on Mt. Vernon avenue towards Luray avenue, in the same direction travelled by the truck, and was about a block north of Luray avenue when the collision took place. His attention was attracted by the noise of the impact and he "only saw the lights as the cars careened," and he thought the collision took place "just a little to the west side" of Mt. Vernon avenue. As he was approaching the scene, he was not conscious that any lighted vehicle passed him prior to the accident.

Two members of the police department of the city of Alexandria investigated the accident. One officer testified that Wilbun told him on the night of the accident, "he (Wilbun) was going across the intersection and there was nothing coming, and that suddenly these lights *come* on him, just as though he had just turned them on." The other officer, called on behalf of the defendant, said that immediately after the accident, Wilbun told him that "he had stopped before he came across the street and didn't see the truck."

Wilbun, who was seriously injured, was the only eyewitness of the entire happenings. The driver of the defendant's truck died without regaining consciousness.

Defendant insists that the failure of the plaintiff, in conversations about the accident prior to the trial, to mention the red object on Mt. Vernon avenue, and his mere statements then made that he did not see the truck as he entered that avenue was sufficient to discredit his subsequent testimony about the red object and the absence of lights on the truck.

The contention of the defendant overlooks the evidence that the night was dark and rainy; that plaintiff testified positively and repeatedly that the headlights of the truck were not burning until a split second before the collision; and that the object looked for by plaintiff was not in plain view as he entered and started across the intersection. No witness contradicted plaintiff's version of the accident. No one testified that the headlights of the truck were burning as it proceeded on Mt. Vernon avenue until a short moment before the collision.

What is a proper lookout in a given situation is a question which can only be answered by the facts of each particular case. *Doss* v. *Rader,* 187 Va. 231, 237, 46 S. E. (2d) 434. The duty of a driver approaching an intersection is to exercise ordinary and reasonable care to look for other oncoming vehicles. In *Oliver* v. *Forsyth,* 190 Va. 710, 716, 58 S. E. (2d) 49, we said: "the duty is to look with reasonable care, not an absolute duty to discover by looking, unless the thing to be looked for is in such plain view that looking with reasonable care was bound to have discovered it." *Greenleaf* v. *Richards,* 178 Va. 40, 45, 16 S. E. (2d) 374.

See also, *Angell* v. *McDaniel,* 165 Va. 1, 5, 181 S. E. 370; *Slate* v. *Saul,* 185 Va. 700, 707, 40 S. E. (2d) 171; *Caldwell* v. *Parker,* 191 Va. 471, 477, 62 S. E. (2d) 34.

The facts here are very similar to those in *Staples* v. *Spence,* 179 Va. 359, 19 S. E. (2d) 69, 140 A. L. R. 527. There the accident happened in an intersection at 1:15 a. m. As plaintiff's car, going north, approached the intersection, its driver and one passenger looked east, and saw no automobile headlights approaching from that direction. The front wheels of his car had crossed the intersection and were a foot or so beyond the north curb line of the east-west street, when defendant's car, traveling west, struck plaintiff's car immediately to the rear of its

right door. The trial court struck the plaintiff's evidence. Reversing its judgment, we held, that under the circumstances of that case, the statements of witnesses that they looked carefully to their right for the particular purpose, and saw no headlights approaching, constituted positive testimony that the defendant was operating his car at night without lights.

The facts in the cases relied on by defendant may be readily distinguished from those in the case under review.

In *Johnson* v. *Harrison,* 161 Va. 804, 172 S. E. 259, the weather was clear, the time was about 1:30 p. m., and the drivers of the automobiles involved had a clear and unobstructed view of each other for a distance of one-tenth of a mile.

In *Brown* v. *Lee,* 167 Va. 284, 189 S. E. 339, the collision occurred at an intersection where the land was fairly level, and under the evidence it seemed incredible that the plaintiff could have failed to see defendant's vehicle when it was about seventy-five feet from the intersection.

In *Ellett* v. *Carpenter,* 173 Va. 191, 3 S. E. (2d) 370, the accident occurred in broad daylight when visibility was good, and each driver had a clear, unobstructed view of the other vehicle some distance beyond the intersection.

In *Remine* v. *Whited,* 180 Va. 1, 21 S. E. (2d) 743, the plaintiff failed to see the other car when the passenger in his car did.

In *Moore* v. *Vick,* 181 Va. 157, 24 S. E. (2d) 429, the collision occurred on a dry, clear day and the circumstances were such as to show that if the drivers of each car had kept a proper lookout, each would have seen the other.

In *Virginia Elec., etc., Co.* v. *Vellines,* 162 Va. 671, 175 S. E. 35, the plaintiff undertook to cross the street car track in front of an approaching street car with its headlights burning, without taking reasonable precaution for his own safety, according to his own admission. Visibility at the time was good.

The general rule applicable in cases such as this has been clearly and comprehensively stated by the late Mr. Justice Gregory in *Virginia Elec., etc., Co.* v. *Wright,* 170 Va. 442, 446, 447, 196 S. E. 580. Because his statement is so closely applicable to the facts here, we quote the following excerpt therefrom:

''Whether a negligence case should be submitted to a jury or determined by the court must always turn on the peculiar facts in the particular case. * * * The principles are well settled. The application of them to the varying facts is a diffi-

cult problem. No two cases are identical in their essential facts. Generally, negligence is for the jury and should not be taken from it unless there is no real conflict. The verdict must stand in such cases unless there is a plain deviation from the evidence or it is palpable that the jury have not drawn the correct inference from the facts. This court has said time after time that if fairminded men may honestly differ from the proofs submitted as to the negligence or contributory negligence charged, the question is not one of law, but one of fact for the jury under proper instructions from the court.''

See *Royals* v. *Planters Mfg. Co.,* 182 Va. 694, 699, 30 S. E. (2d) 20.

In this case the evidence and the reasonable inferences therefrom warranted the trial court in submitting the presence or absence of negligence of both plaintiff and defendant to the jury. Since the jury has accepted the evidence of plaintiff, it must be accepted by us. *Luck* v. *Rice,* 182 Va. 373, 376, 29 S. E. (2d) 238; *Walker* v. *Memorial Hospital,* 187 Va. 5, 8, 45 S. E. (2d) 898; *Hooker* v. *Hancock,* 188 Va. 345, 348, 49 S. E. (2d) 711.

We find no error in the judgment complained of, and it is affirmed.

*Affirmed.*