**Jimmy HOFFLER and Bernard Hoffler, Appellants,**

v.

**Richard T. SHORT, Appellee.**

**No. 8358.**

United States Court of Appeals Fourth Circuit.

Argued Oct. 9, 1961.

Decided Dec. 9, 1961.

John F. Rixey, Norfolk, Va. (Edwin C. Kellam and James M. Pickrell, Norfolk, Va., on brief), for appellants.

Allan S. Reynolds, Norfolk, Va., (White, Ryan & Reynolds, Norfolk, Va., on brief), for appellee.

Before SOPER, BRYAN and BELL, Circuit Judges.

SOPER, Circuit Judge.

This appeal is taken from a judgment in favor of a third party defendant in an automobile collision case wherein it was held that, under the peculiar circumstances existing at the time of the accident, he was under no duty to stop at a road intersection where a stop sign had been posted. The correctness of this holding is the principal question in the case.

■ The original plaintiff was Grace Short Pond who was riding as a guest passenger in an automobile driven by her nephew, Richard T. Short. She was seriously and permanently injured as the result of the collision. She brought a suit based on diversity of citizenship against Jimmy Hoffler and Bernard Hoffler, owners of a tractor-trailer, the other vehicle in the collision, which was driven by their employee, Elton W. Saunders. The Hofflers then brought in Short by a third party proceeding, alleging that if they were liable for the injuries to the plaintiff, Short was equally liable for any amount the plaintiff might recover by reason of gross negligence on his part. At the trial Short moved for a directed verdict in his favor at the conclusion of the evidence but the Judge reserved his ruling on the motion and submitted the case to the jury. A verdict was rendered in favor of Mrs. Pond against the Hofflers in the sum of $50,000 in the original suit and a verdict in favor of the Hofflers against Short in the third party proceeding. Thereafter, on motion of Short, the Judge set aside the verdict against him in favor of the Hofflers on the ground that except for his failure to stop at the intersection there was no evidence of gross negligence on his part and that under the facts of the case Short was not required under the Virginia law to stop at the in-

tersection.[1] Accordingly, the Judge held that Short's motion for directed verdict should have been granted and entered judgment in his behalf. The Hofflers settled the judgment in favor of Mrs. Pond by paying the sum of $41,500 and appealed from the judgment in favor of Short.

The accident happened at 12:40 P.M. on January 23, 1959 near Franklin, Virginia, at a point where a Y on Route 691, running north and south, intersects Route 58, running east and west, as shown in the diagram below.[2] Route 58 is a three-lane highway. Saunders was driving the Hoffler vehicle in the center lane as he approached the Y from the east so as to turn left into the eastern leg of the Y and proceed south on Route 691. Short was driving north on Route 691 and took the eastern leg of the Y in order to turn right on Route 58 and proceed eastwardly. Saunders was familiar with the road and, assuming that Short would stop in obedience to the stop sign, cut the curve too short in making the turn to the south,

came over to the wrong side of the road to some extent and collided with the Short car on Route 58 a few feet north of its southern line if extended across the opening of the Y. The left front wheel of the trailer came into contact with the left front corner of the Short car.

At that time Short was on the proper side of the road. He approached Route 58 from the south coming down an incline on the eastern leg of the Y, which was 23 feet wide. He passed a "Stop Ahead" sign located on the top of the hill. A conventional stop sign was located at the foot of the hill on the east side of Route 691 forty-nine feet from the point at which the eastern leg of the Y intersects the southern line of Route 58. Short, however, did not stop but continued to drive on at the rate of 15 to 20 miles an hour. He had seen the tractor trailer approaching from his right on Route 58 and, since it was proceeding in the center lane, concluded that the driver intended to make a left hand turn to the south into Route 691. Short then looked to his left for traffic

1. In Virginia the driver of an automobile, unless he is guilty of gross negligence, is not liable to a guest passenger for injuries suffered in an accident. Boggs v. Plybon, 157 Va. 30, 160 S.E. 77; Code of Virginia 1950 § 8–646.1.

2. ROUTE 58

coming from the west but no car came from that direction. He did not see the Hoffler truck as it drew near until it was only five feet from him an instant before the collision occurred. Had Short been looking ahead at the time he could have stopped his car or driven to his right on the road where there was ample room and have avoided the collision, notwithstanding the encroachment of the truck on his side of the road.

The District Judge, in holding that there was no duty on Short's part to stop before entering Route 58, was influenced by the fact that the stop sign at this point was primarily designed to prevent collision between cars coming from the south on Route 691 with cars coming from the west on Route 58 and also collisions between cars coming from the east on Route 58 with cars coming from the south and making a left hand turn into Route 58. He concluded that a stop at the sign was not necessary to prevent a collision between a car coming from the south and making a right hand turn with a car from the east making a left hand turn if each vehicle kept to its proper side of the road. He relied on certain decisions of the Supreme Court of Virginia which laid down the rule that failure to perform a duty prescribed by the state automobile statute is not negligence as to a particular person unless the duty is owed to that person.[3] Thus in Morris v. Dame's, Ex'r, 161 Va. 545, 566, 171 S.E. 662, the court had under consideration the liability of the driver of a truck which came out of a road in a railroad yard on to the public highway at a T intersection and crossed the highway in order to turn to the left without giving a signal and collided with a passing vehicle. The Virginia statute provides that before the driver of a vehicle shall make either a left or right turn at a road intersection he shall give a prescribed signal at least 50 feet before making the turn. The contention was made that the driver of the truck was guilty of negligence because he failed to give the signal before entering the highway. In considering this question the Supreme Court of the state announced the following principles to be applied in respect to the duty of drivers of motor vehicles to obey the provisions of the automobile statute. The court said, page 566, 171 S. E. 669:

" * * * These provisions of the statute create a general duty on the part of drivers of motor vehicles to give the prescribed signal before making a left or right turn at a road intersection. But a failure to give the signal cannot be actionable negligence as to any particular person unless the facts and circumstances of the case are such that the duty to give the signal has become a particular duty owing to that person as an individual.

"For the general duty imposed by the statute to become a particular duty owing to a particular person, he must be in a position which, under a reasonable construction and interpretation of the statute, brings him within the particular class of persons for whose protection from injury these provisions of it were enacted. When the general duty imposed by the statute has become a particular duty owing to a particular person, the failure to give the prescribed signal becomes actionable negligence as to him, provided (1) that the failure to comply with the statute is not excusable, and (2) that the failure to give the required signal is the proximate cause of an injury to him which is one of the consequences contemplated by this provision of the statute and that it was intended to prevent. * * *

3. The District Judge also relied on the case of Hollomon v. Hopson, 45 Ga.App. 762, 166 S.E. 45, in which the court held that the statutory command to yield the right of way to vehicles approaching from the right, did not apply to a vehicle approaching on the same highway from an opposite direction, even though it was on the right of the allegedly burdened vehicle by reason of a sharp curve in the road.

"Under a reasonable construction of a statutory provision such as those here under consideration, when no practicable or reasonable degree of care and diligence for the safety of another would call for the performance of an act required thereby, no duty to do the act arises to him as an individual. * * *

* * * * * *

"Applying this principle to the provisions of the statute here under consideration, when the driver of an automobile is in such a position that a reasonably prudent man in the exercise of ordinary care and vigilance would, under all the circumstances of the case, have reasonable grounds for apprehending that his making a left or right turn at a road intersection might affect the operation of another vehicle on the highway into which he intends to turn * * * those in the other automobile are in the particular class of persons for whose protection the provisions were enacted. Otherwise they are not, and the driver of the automobile making the turn owes no particular duty to them to give the signal prescribed by the statute."

In subsequent cases this ruling has been cited with approval; see Hamilton v. Glemming, 187 Va. 309, 46 S.E.2d 438; Powell v. Virginian Railway Co., 187 Va. 384, 46 S.E.2d 429; but the decision in Morris v. Dame's Ex'r has not been interpreted as overturning the rule that a violation of the automobile statute amounts to negligence per se on the part of the driver but as holding that in deciding the question of proximate cause the relevancy of the statute to the circumstances of the case should be given consideration; and it is significant that in these cases the court did not determine the question as a matter of law but submitted the issue to the jury. It was pointed out that although the violation of the statute was negligence per se it was still necessary for the injured party to prove that the failure of the defendant to obey the statute caused the injury and it was directed that the case be submitted to the jury under proper instructions.

We do not find in the Virginia cases any indication that a driver of an automobile in that state is at liberty to disobey a stop sign under any circumstances or that in general automobile drivers may not reasonably assume that travelers whom they encounter on the highways will act in accordance with the statutes. It may indeed be shown in a given case that a statutory violation was not the cause of the injury and the lawbreaker may escape liability under the rule of proximate cause, but the issue becomes a question for the jury whenever there is evidence tending to show that an infraction of the law by a participant in an accident had some bearing upon the event. For example, in Powell v. Virginian Railway Company, supra, the court had under consideration a collision between an automobile unlawfully driven on a dark and foggy morning to the left of the center of the highway and a railroad car unlawfully parked in that area. The railroad company contended that it was not liable for the accident because the automobile was violating the statute by proceeding to the left of the center of the highway, but the court held that this provision of the statute was intended to protect persons using the roads for travel and not to protect a railroad company in storing its cars on the public highway and that in considering the defense of contributory negligence on the part of the plaintiff it should be left to the jury to determine whether the plaintiff's violation of the law was the concurring or contributing proximate cause of the injury. For like decision see Standard Oil Company of New Jersey v. Roberts, 130 Va. 532, 107 S.E. 838.

In Simmons v. Craig, 199 Va. 338, 99 S.E.2d 641, 645 the court made it clear that the rules of the road provided by the Motor Vehicle Code of Virginia "are designed to protect the users of the highways. They are for the guidance and benefit of those who proceed in the same direction, proceed in the opposite direction, who may be stopping, starting, or

crossing the highway, or those who undertake to pass another vehicle, and those who may be affected by the operation of the motor vehicle."

In Gammon v. Hyde, 199 Va. 918, 103 S.E.2d 221, it was specifically held that a stop sign imposes a duty upon an approaching vehicle to make a complete stop.

In Umberger v. Koop, 194 Va. 123, 72 S.E.2d 370, 375, the court emphasized the authority of the State Highway Commission to adopt a uniform system of markers and signs regulating traffic upon the highways and stressed the duty of an operator to stop at the command of a stop sign. The court said:

"The statutes do not require the operator of a motor vehicle to bring his vehicle to a stop within a stated number of feet from the intersection. The sign is notice that danger lies ahead, and that he must stop at a point from which, in the exercise of ordinary care, he can see traffic moving on the highway he proposes to enter. The duty to look requires not only the physical act of looking, but reasonably prudent action to avoid the danger which an effective lookout would disclose."

In Garrison v. Burns, 178 Va. 1, 16 S.E. 2d 306, 308, the court made the following comment:

"A stop sign upon a highway is a proclamation of danger and there is in principle no difference between the duty of one driving a vehicle upon the highway to 'Stop, look and listen' at a railway crossing, and the duty of one approaching a highway intersection from a secondary road to stop and look. The legislative fiat to stop before entering a main highway means more than the consumption of a split second of time. It means that the stop should be made at a time when to look would be effective. At a railway crossing, unless there is a double track, a driver only has to look in two directions before proceeding to cross the track.

At highway intersections, however, motor vehicles streamlined for speed and potential instruments of death (to say the least), may run in four directions over four distinct approaches. The reason for the stop sign is thus apparent."

■ Accordingly, we think that the course originally taken by the District Judge in the pending case was correct. The charge to the jury fairly submitted the issue between the plaintiff and the Hofflers in the original suit as well as the issue between the Hofflers and Short in the third party action. As to Short the jury were told that if he failed to stop at the stop sign, and that if he operated his automobile at a speed in excess of the safe speed under the circumstances and did not exercise reasonable care to maintain a proper lookout, then he was guilty of negligence, and if his acts amounted to gross negligence which proximately contributed to the accident then the jury should find a verdict for Hoffler on the third party complaint against Short.

As to the Hofflers the jury were told that if they found that the truck owned by them and driven by Saunders crossed the double lines in making the turn into Route 691 then they were guilty of negligence and if the jury should find that such negligence proximately caused or contributed to the accident their verdict should be for the plaintiff. The jury were also told that if the accident was caused by the joint or concurring negligence of the Hofflers and the gross negligence of Short then their verdict should be for the plaintiff against the Hofflers on the original complaint and for the Hofflers against Short on the third party complaint. The jury were also told that Saunders, the driver of the Hoffler truck, and Short each had the right to assume that the other would observe the statutory rules of the road, that is that Saunders might assume that Short would stop at the stop sign and Short might assume that Saunders would keep to his right side of the road in making the turn to the south, and each might act upon the

assumption until the contrary appeared or should have appeared to him in the exercise of reasonable care on his part.

There was sufficient evidence in our judgment to justify the submission of the case against Short to the jury. The judgment of the District Court will, therefore, be reversed with direction to enter judgment for the Hofflers against Short under the third party complaint.

Reversed.