# Richmond

ROBERT O. FRYE v. WARD ALFORD, T/A AL'S CAB.

April 23, 1962.

Record No. 5404.

Present, Eggleston, C. J., and Buchanan, Whittle, Snead, I'Anson and Carrico, JJ.

*Wayt B. Timberlake, Jr.*, for the plaintiff in error.

G. H. *Branaman* and *Humes J. Franklin (Fletcher B. Watson*, on brief), for the defendant in error.

WHITTLE, J., delivered the opinion of the court.

Robert O. Frye, hereinafter referred to as plaintiff, filed a motion for judgment against Ward Alford, trading as Al's Cab, hereinafter referred to as defendant, seeking damages for injuries sustained in a collision between a truck operated by plaintiff and a taxicab belonging to defendant, alleging that the accident was proximately caused by the negligence of defendant.

Defendant filed responsive pleadings denying negligence and also a counterclaim for damages to his taxicab.

The case was tried in the circuit court before a jury. At the conclusion of all the evidence the court struck plaintiff's evidence against the defendant and struck defendant's evidence on his counterclaim against plaintiff, holding that both drivers were guilty of negligence as a matter of law and therefore neither could recover. Plaintiff excepted to this ruling and to the judgment entered thereon and we granted him a writ of error.

The sole issue in the case is whether plaintiff, as a matter of law, was guilty of negligence which proximately caused the accident.

Defendant, at the outset, contends that the appeal should be dismissed on two grounds. First, he says plaintiff has violated Rule 5:1 § 6 of this Court in that he failed to designate "sufficient of the record necessary and material to allow the court to determine the issue involved." Specifically, defendant argues that plaintiff designated only such portion of the evidence as was favorable to him, omitting that which was unfavorable; that plaintiff designated his own direct examination but omitted his cross-examination; that he designated the direct examination of witness Stover and omitted the cross-examination of this witness; that the testimony of witnesses Mary Freed and Mildred Gerni was omitted entirely, and that the testimony of other witnesses was treated in like manner.

A careful examination of the parts of the record designated by plaintiff to be printed would indicate that other evidence should have been designated, such as the cross-examination of the plaintiff, and the cross-examination of witness Stover.

We said in *Luhring* v. *Finley, Inc.*, 202 Va. 260, 261, 117 S. E. 2d 126, 127:

"* * * An appellant who asks us to set aside a judgment on the ground that it is contrary to the law and the evidence has the primary responsibility of designating as a part of the printed record all of the evidence necessary and material for us to determine that issue."

However, the rule was adopted for the purpose of giving both parties an equal opportunity to inspect the record for appeal in the clerk's office of the trial court and to designate the material parts of the record they desired printed. Therefore, under the rule the defendant was at liberty to designate any omitted evidence which he thought material. *Skeens* v. *Commonwealth*, 192 Va. 200, 204, 64 S. E. 2d 764, 766.

Defendant next says that the appeal should be dismissed because plaintiff violated Rule 5:1 § 7, in that the record did not remain in the clerk's office of the trial court for the full twenty days as required.

It is disclosed that the record was transmitted at 1:50 p.m. on June 27, 1961, which was the twentieth day required by the rule. It was not transmitted until G. H. Branaman, of counsel for defendant, had acquiesced in the transmission. This is shown by an affidavit of the clerk to which no counter-affidavit was filed. In fact, it was conceded at the bar of this Court that such consent was given by Mr. Branaman.

H. J. Franklin, co-counsel with Mr. Branaman representing the defendant, argues that Section 7 of the Rule which provides "But the clerk shall transmit them [the record and the designations of the parties] sooner if requested by *all counsel*," (emphasis added) means that the consent of all counsel involved should first be obtained before the clerk can transmit the record. We do not so interpret the rule. "All counsel" means counsel on both sides of the litigation, not each individual attorney involved in the trial of the case.

Both Branaman and Franklin were representing the defendant, and apparently Branaman was senior counsel. Clearly he had the authority to unite in a request of plaintiff's counsel that the record be transmitted before the twenty-day period had fully expired. *Avery* v. *County School Board*, 192 Va. 329, 334, 64 S. E. 2d 767, 770.

The motion to dismiss is overruled on both grounds.

■ Considering the case on its merits and in the light most favorable to plaintiff, it is disclosed that the accident happened at the intersection of Laurel Avenue and Mulberry Street in the City of Waynesboro. Laurel Avenue runs north and south and Mulberry Street runs east and west. Both streets are blacktop paved and 32 feet wide from curb to curb. There is a marker plate in the center of the intersection. Mulberry Street, approaching the intersection from the west, is downgrade; there are no traffic control signals on either street. The residence of Mrs. Freed at the northwest corner of the intersection fronts on Mulberry and is set back 32 feet from the street. At the time of the accident plaintiff's view on approaching the intersection as he traveled south on Laurel Avenue was limited to 125 feet west on Mulberry by a tree in the Freed yard and automobiles parked on the north side of Mulberry.

The collision occurred when the plaintiff's truck was partly through the intersection. The truck came to rest on its top at the southeast corner of the intersection, 30 feet from the marker in the center of the two streets. The taxicab traveled 95 feet east on Mulberry and came to rest in a yard on the south side of that street. There was a diagonal mark several feet long near the center of the intersection, and there was some dirt or debris in this area. Most of the debris was at the point where the truck came to rest. The accident occurred shortly after 3:00 p.m.; the weather was clear and the streets were dry.

According to plaintiff's evidence he was proceeding slowly on Laurel Avenue toward the intersection, having stopped at the intersection with Ohio Street, a block back, to allow approaching traffic on that street to clear that intersection; he then resumed his course toward the Mulberry Street intersection. When he was approximately 20 feet from this intersection, while traveling at a rate of 15 to 20 miles per hour, in second gear, he looked to his right, west on Mulberry, and because of a tree, then in full foliage, in the Freed yard, and the parked automobiles on the north side of Mulberry, his view was restricted to a distance of approximately 125 feet; he saw no approaching traffic within this area; he then looked to his left, east on Mulberry, and then straight ahead, south on Laurel, as he continued into the intersection.

Just after he entered the intersection and when his truck was two-thirds of the way into it, he again looked to his right and saw the defendant's taxicab approaching. At that time the cab was approximately 40 feet from the intersection, headed east on Mulberry and traveling at "a high rate of speed", estimated by plaintiff at a minimum

of 45 miles per hour. Apparently plaintiff "hit his brakes" but the front of the taxicab struck the right front of the truck almost immediately thereafter, knocking it in an easterly direction and turning it over. The cab continued down Mulberry some 90 feet before coming to rest. Thus, according to plaintiff's evidence, the truck was well into the intersection when the taxicab was 40 feet away.

In passing on defendant's motion to strike plaintiff's evidence the court took the position that defense witnesses, Mrs. Freed and Mrs. Gerni, contradicted plaintiff in that they testified the taxicab and the truck were entering the intersection at approximately the same time; that the taxicab, being on the right, had the right of way (Code, § 46.1-221). Said the court: "* * * (I)t looks to me like the evidence, even your client's [Frye's] own evidence, he should have seen this car before he did if he used ordinary care, but the independent evidence of Mrs. Freed and Mrs. Gerni—I think if a verdict were returned, I would have to set it aside. I don't see how I can do anything but strike the evidence."

We have many times held that in considering a motion to strike plaintiff's evidence, such evidence is to be considered very much as on a demurrer. All inferences which may be fairly drawn from the evidence must be considered most favorably to the plaintiff, and where there are several inferences which may be drawn, though they may differ in degree of probability, the court must adopt those most favorable to the party whose evidence it is sought to have struck unless the inferences be strained, forced or contrary to reason. *Green v. Smith*, 153 Va. 675, 680, 151 S. E. 282; *Coureas v. Allstate Ins. Co.*, 198 Va. 77, 79, 92 S. E. 2d 378, 381; *Stimeling v. Goodman*, 202 Va. 111, 113, 115 S. E. 2d 923, 925.

According to Frye's evidence he was traveling at a speed of 15 to 20 miles per hour when he approached the intersection; he had a view to his right on Mulberry Street of approximately 125 feet and, within that area, the street was clear of traffic. Accordingly, he proceeded into the intersection, looking to his left to be sure there was no traffic approaching from that direction. When his truck was two-thirds of the way into the intersection he looked again to his right and the defendant's cab was then some 40 feet from the intersection, traveling at an excessive speed. The collision followed immediately thereafter. While undoubtedly there is a conflict in the evidence, we see nothing incredible about plaintiff's theory of the accident.

Under the related circumstances the issue of whether or not plaintiff was guilty of negligence which proximately caused the accident

was a question of fact to be decided by the jury. *Angell* v. *McDaniel*, 165 Va. 1, 5, 181 S. E. 370; *Leo Butler Co.* v. *Wilbun*, 192 Va. 263, 268, 64 S. E. 2d 738, 741; *Clayton* v. *Taylor*, 193 Va. 555, 562, 69 S. E. 2d 424, 429.

We hold that the evidence does not show that the plaintiff in this case was guilty of negligence as a matter of law.

The judgment is reversed and the case is remanded for a new trial.

*Reversed and remanded.*