# Richmond

## JOHN T. REGENSBURG V. COMMONWEALTH.

January 12, 1933.

Present, All the Justices.

The opinion states the case.

*John T. Duval, J. D. Mitchell* and *G. M. Weems,* for the plaintiff in error.

*John R. Saunders, Attorney-General,* and *Edwin H. Gibson* and *Collins Denny, Jr., Assistant Attorneys-General,* for the Commonwealth.

GREGORY, J., delivered the opinion of the court.

The plaintiff in error, who will be referred to as the accused, was convicted of the unlawful possession of ardent spirits and his punishment fixed at a fine of $50.00 and confinement in jail for one month.

The sheriff of the county, assisted by his deputy and a constable, executed a search warrant upon the accused at his home. A search was conducted of the residence and premises and the evidence shows that there was stored in a closet in the residence some eight to twelve cases of empty pint bottles, either two or four dozen in each case, and two five gallon empty demijohns. In one of these was a very small quantity of liquor. The closet in which the bottles and demijohns were stored was locked and when the officers called for the key the accused at first did not appear

to know where it was, but later found it in his pocket. The officers smelled the odor of liquor both inside and outside of the house. They searched the outbuildings and finding nothing, they discovered some tracks leading to and from a tract of woodland. These tracks were followed and about 325 feet from the home of the accused, a five gallon keg of whiskey was found. It had been recently buried in the earth and broken bushes placed over it. The tracks led from the premises of the accused, directly to the place where the liquor was stored. There were no other tracks around there. The accused had the reputation of being a violator of the prohibition law. This, in substance, is the evidence of the Commonwealth.

There are two assignments of error. First: The refusal of the court to set aside the verdict as being contrary to the law, and second: The refusal of the court to set aside the verdict as being contrary to the evidence.

 The point raised under the first assignment is that the bill of particulars furnished by the Commonwealth limited the charge to selling, keeping, storing and exposing to sale ardent spirits, and the jury having found the accused guilty of the "unlawful possession" of ardent spirits, there was a fatal variance between the charge embraced in the bill of particulars and the offense of which he was found guilty.

The record fails to show that this question was raised in the lower court, or that the court ever had its attention called to it. It, therefore, does not show that the lower court had any opportunity to pass upon the point. All that the record shows is that "Thereupon the accused by his attorney moved the court to set aside the verdict of the jury as contrary to the law, and the law and the evidence, and grant him a new trial, which motion the court overruled." To the action of the court in overruling the motion to set aside the verdict, the accused took no exception. The point raised under the first assignment, not having been

made in the trial court will not be considered here (Rule 22).

The second assignment questions the sufficiency of the evidence. The demijohns (one containing a small quantity of whiskey) and the great quantity of empty pint bottles stored away in a locked closet and the accused having the possession of the key to the closet; the odor of whiskey in the house and on the premises outside of the house; the tracks leading from the premises directly to the buried whiskey just 325 feet from the house and back to the premises; the absence of any other tracks going to or from the buried whiskey and the reputation of the accused as a violator of the prohibition law are facts from which the jury could have concluded that the accused was the possessor of the five gallon keg of whiskey which was buried.

Of course, the accused attempted to account for the presence of the demijohns and empty bottles which were found in the closet and denied knowing anything about the five gallon keg of whiskey, but his explanation of these things was not convincing and the jury were justified in disregarding it.

We think the evidence was sufficient to sustain the verdict and we affirm the judgment.

*Affirmed.*