# Richmond

## JOHN LOUGHRAN, ET ALS. V. J. M. KINCHELOE, ET ALS.

March 16, 1933.

Present, All the Justices.

The opinion states the case.

*Harry F. Kennedy* and *Frank R. Long,* for the plaintiffs in error.

*Carl L. Budwesky,* for the defendants in error.

CAMPBELL, C. J., delivered the opinion of the court.

Appellants have filed the following petition for an appeal in this cause:
"To the Honorable Judges of the Supreme Court of Appeals of Virginia:
"The petition of John Loughran and R. L. Armstrong, trustees, complainants, and John Loughran, administrator of the estate of Edith McCullum, intervening petitioner, who will hereafter be designated as complainants, respectfully show that they are aggrieved by a final decree of the Corporation Court of the city of Alexandria, Virginia, entered on the 7th day of December, 1931, dismissing complainants' bill of complaint and intervening petition, and dissolving a preliminary injunction heretofore granted to complainants on the 3rd day of August, 1931.
"By a transcription of the record, filed herewith, the following facts appear:

"STATEMENT OF THE CASE.

"Complainants, Loughran and Armstrong, are record owners of the eleven-acre tract, hereinafter mentioned, while the estate of Edith McCullum, of which complainant Loughran is administrator, is the innocent holder, for value, of two notes, aggregating $12,500, secured by deeds of trust, dated September 28, 1926.

"Complainants, Loughran and Armstrong, purchased an eleven-acre tract of land, formerly in Arlington county, Virginia, now Alexandria, Virginia, on the 31st day of January, 1927, which was subject only to the above mentioned $12,500 trust, according to a certificate of title issued by Messrs. Charles T. Jesse and Walter T. McCarthy (the last mentioned now Judge of the Sixteenth Circuit).

"That on or about the 1st of August, 1927, a suit was instituted in the Circuit Court of Arlington county, Virginia (Sixteenth Circuit), by Clement V. Poland and Valley L. Poland, his wife, the original owners of said eleven-acre tract, against Frederick C. Stelzer and eight other defendants who appeared of record as having held a legal or equitable title to said land, subsequent to the ownership of complainant Poland. Complainant Loughran's intestate (Edith McCullum), an innocent purchaser for value, without notice, of said $12,000 notes, was not made a party to this suit, and although said notes were not in default as to either principal or interest, the trustees under the trust securing said notes were named as defendants. Upon the filing of said suit, complainants herein, Loughran and Armstrong, for the first time, discovered that there appeared in the chain of title a trust, dated July 8, 1926, which it was alleged had been fraudulently released, and that said trust was made to secure a $6,500 note, and that said note was executed and delivered as collateral to secure the payment of a $6,500 note, dated July 7, 1926, made by Poland, the original owner, and Corl, transferred to defendant Stelzer, and by him to defendant Kincheloe.

"Defendant Corl was allowed to intervene and file an answer and cross-bill (transcript) in said suit in Arlington county, wherein he set up the same defenses and made the same claims as in the present suit, which claims and defenses were denied by a decree of said Arlington county (transcript), and defendant Corl, seeking to avail himself of the same defenses, and disregarding the aforesaid adjudication, filed a plea herein to which complainants demurred, said de-

murrer was overruled, exceptions noted, and leave given to file a replication, to which complainants attached, as an exhibit, a copy of defendant Corl's aforementioned answer and cross-bill, filed in the Arlington county suit (transcript) ; to which replication defendant filed a motion to strike, which motion was sustained, and a final decree entered, dismissing the bill and dissolving the temporary injunction, to which exceptions were duly noted.

"Poland and Corl, in a real estate deal with Stelzer, transferred their individual real estate holdings to Stelzer, the eleven-acre tract, belonging to Poland, constituting the majority thereof, and were to, and did, receive in exchange from Stelzer an apartment house in the District of Columbia, and to cover the balance due Stelzer on said deal, Poland and Corl gave their joint note, dated July 7, 1926, for $6,500, on which it was agreed Corl's liability should be five-sixths thereof; Stelzer sold the note to Kincheloe, but Kincheloe required additional security, and Stelzer then executed the deed of trust mentioned, of July 8, 1926, as collateral security for the Poland and Corl note. Thereafter, Corl entered into an agreement with Stelzer, whereby Stelzer was to cancel Corl's liability on said note, which Corl claims made him secondarily liable on his own note—not primarily—and that said note did not become extinguished when Corl, subsequent to January, 1931, came into possession of both notes, with the collateral trust, and Corl is now seeking to reimburse himself, in paying off his own note, by using the collateral security, advertising the property for sale for the purpose of turning a liability into an asset.

"The Arlington county court, in holding that the trust of July 8, 1926, had been fraudulently released; that Kincheloe was an innocent holder, for value, of the original note of $6,500, as well as the collateral note secured by said trust, further decided 'that the petition of Jacob Corl to be subrogated to the rights of the defendant, J. M. Kincheloe, as to this lien should be overruled, doth deny the prayer

of the cross-bill of the said Jacob Corl in that respect, but without adjudicating the rights of any party who may hereafter pay the note of himself and Clement V. Poland, held by J. M. Kincheloe and take up the collateral thereto attached as aforesaid.'

"TRANSFERS AFFECTING THE LAND IN QUESTION.

"July 7, 1926. Deed. Poland and wife to Stelzer.

"July 8, 1926. Deed of trust. Stelzer and wife to Kincheloe and Duvall, to secure a note of $6,500.00.

"Aug. 20, 1926. Deed. Stelzer and wife to Wallace.

"Sept. 28, 1926. Marginal release of trust dated July 8, 1926.

"Sept. 28, 1926. Deed of trust. Wallace to Bryan and Burklin, to secure two notes aggregating $12,500.00.

"Jan. 31, 1927. Deed. Wallace to Loughran and Armstrong.

"Jan. 10, 1931. Final decree entered in Arlington county, in Chancery No. 1935, setting aside marginal release, of September 28, 1926, and denying defendant Corl's prayers for relief in his cross bill.

"The negotiable instruments act—Section 5681, Virginia Code, how instrument discharged.—A negotiable instrument is discharged:

"1. By payment in due course by or on behalf of the principal debtor.

"4. Where the principal debtor becomes the holder of the instrument at or after maturity in his own right.

"The decree of the Arlington county court, as between complainants Loughran and Armstrong, and defendant Corl, is final and conclusive, but as between Loughran, administrator, and Corl, it is not conclusive; *Pearce* v. *Rice,* 142 U. S. 28, 12 S. Ct. 130, 35 L. Ed. 925; therefore, had Kincheloe, under the terms of the Arlington county decree, foreclosed under said trust, or had it been possible for him to transfer said note and collateral to an innocent purchaser for value, the hands of Loughran and Armstrong would

have been tied, but, not having come within the terms of said decree, and having sold or transferred to Corl, the original maker and primary debtor (whose rights had already been adjudicated and relief denied in said decree), said original note becomes extinguished, and the collateral should be delivered up for cancellation, and whatever right of action Corl may have, if any, against Stelzer or Kincheloe, should be pursued in another cause of action; *Farmers' Bank of Virginia* v. *Groves,* 12 How. 51, 13 L. Ed. 889.

"The aforementioned property has been advertised to be sold at public auction on Tuesday, December 29, 1931, and petitioners respectfully request that under the circumstances the ten-day rule be waived, and that counsel may state orally the reasons for reviewing the decision complained of, if the court deem it necessary or desirable.

"Wherefore, your petitioners pray that an appeal be allowed your petitioners and a *supersedeas* awarded; that the decree be set aside and reversed and said cause be remanded for hearing or a final decree entered granting your petitioners a permanent injunction, as prayed in said bill of complaint.

"JOHN LOUGHRAN,

"R. L. ARMSTRONG,

Trustees,

"JOHN LOUGHRAN,

Administrator.

"By HARRY F. KENNEDY,

"FRANK R. LONG,

Counsel."

In the brief of counsel for appellant this appears:

"A careful examination of the intervening petition, answer and cross-bill of defendant, Jacob Corl, and especially an examination of his said cross-bill, filed in Arlington county, together with the final decree entered in said cause in Arlington county on the 10th day of January, 1931, is necessary to a clear understanding of appellants' position."

Instead of complying with the holding of this court in *Bank* v. *Trigg,* 106 Va. 327, 56 S. E. 158, 163, wherein the rule is laid down that counsel must "lay his finger on the error," the court is invited to delve into the record and winnow the chaff from the wheat.

Code, section 6346, requires that: "A petition for an appeal, writ of error, or supersedeas shall assign errors; * * *."

In *Orr* v. *Pennington,* 93 Va. 268, 24 S. E. 928, the assignment of error was as follows:

"Your petitioner avers that there was manifest error in dismissing said bill and rendering said judgment * * *." The assignment was held insufficient.

In *Puckett* v. *Commonwealth,* 134 Va. 579, 113 S. E. 853, 854, the court quotes with approval from *Clements* v. *Hearne,* 45 Tex. 415, as follows:

"To require the appellee or the court to hunt through the record for every conceivable error which the court below may have committed, when none has been pointed out by the party complaining of the judgment, would obviously be unreasonable and oppressive on the party recovering judgment, and most burdensome on this court, unnecessarily impeding the progress of its business; and, by the confusion and uncertainty which it would beget as to questions on which the case was decided in the court below, destroy its character as an appellate tribunal; and by the multiplicity of the questions for discussion tend much more to confusion and error in its own decisions than the correction of errors which may have in fact occurred in the district court."

The court of its own motion might properly dismiss the cause, but for the reason that the justice to whom the petition and transcript of the record were presented no doubt had in mind that a possible injustice might be done appellants. The sale of land which appellants seek to prevent was scheduled to take place on the 29th day of December, 1931, and the petition and record came into the hands of

the justice who allowed the appeal on the 28th day of December, 1931.

As we gather the facts from the pleadings and exhibits leading up to the present suit, they may be thus summarized: Appellants are the alleged record owners of a tract of land situated in the city of Alexandria, containing eleven acres. On July 7, 1926, Clement V. Poland, on behalf of himself and appellee, Corl, purchased from one F. C. Stelzer an apartment house situated in the city of Washington. As a part of the consideration, Poland conveyed to Stelzer the eleven-acre tract in controversy, and Corl conveyed certain lots situated in the then town of Potomac (now a part of the city of Alexandria). To secure the balance of the purchase money, Poland and Corl executed their joint negotiable note for the sum of $6,500, payable to the order of Stelzer ninety days after date. Stelzer then entered into negotiations with appellee Kincheloe, for the discount of the note of Poland and Corl. Kincheloe agreed to discount the note provided Stelzer would deposit collateral security for the payment of the note. Thereupon, Stelzer executed a note endorsed by his wife, for the sum of $6,500, payable to the order of Kincheloe three years after date, the payment of which was secured by a deed of trust upon the eleven-acre tract of land conveyed to Stelzer by Poland and Corl.

On October 5, 1926, when the note of Poland and Corl became due, by mutual agreement between the parties, Poland and Corl paid the sum of $500.00 and executed a new note to Stelzer for the sum of $6,000, payable in quarterly installments of $500.00, which note was then endorsed over to Kincheloe, with the same collateral security. Thereafter, in December, 1926, Corl sold and conveyed to Stelzer his (Corl's) one-half interest in the Washington city apartment house, and as a part of the consideration, Stelzer assumed the payment of the amount due by Corl on the note held by Kincheloe, being five-sixths of said note.

On September 28, 1926, Stelzer attempted to fraudulently

release the lien of the deed of trust executed by himself and wife to secure the note held by Kincheloe, and to give priority to a deed of trust executed by himself and wife to secure certain notes executed by him and held by Rogers M. Fred. Whereupon, the legal Pandora box was opened.

Clement V. Poland instituted suit to set aside the conveyance from him to Stelzer of the eleven-acre tract of land and all subsequent conveyances thereof and trust liens thereon, on the ground of fraud in the original transaction in regard to the apartment house. In this suit all parties who were closely or remotely connected with the transactions relative to the eleven-acre tract were convened either by service of process, order of publication or by representation.

Kincheloe answered and filed a cross-bill seeking to vacate and have declared null and void the attempted release by Stelzer of the deed of trust dated July 8, 1926, and held by Kincheloe as collateral security for the payment of the $6,000 note of Poland and Corl and endorsed by Stelzer.

Corl filed his petition and cross-bill, also seeking to have the marginal release attempted by Stelzer declared null and void, in order to protect the note held by Kincheloe, and also sought—on the ground that Stelzer had assumed his (Corl's) liability to Kincheloe—to require Kincheloe to proceed first against Stelzer before proceeding against him on his alleged liability on the $6,000 note. Without entering into the various details of that litigation, we state the results thereof as follows: The bill of Poland seeking to vacate the several conveyances was dismissed; the prayer of Kincheloe's cross-bill was granted and the marginal release of the deed of trust by Stelzer was declared null and void; and the court denied the prayer contained in Corl's cross-bill, to require Kincheloe to first proceed against Stelzer, on the ground that Corl had not discharged the indebtedness, but further provided in the decree that the rights of any party "who may hereafter pay the note * * * held by Kincheloe and take up the collateral thereto at-

tached as aforesaid" should not be affected. No appeal was prayed from that decree.

On March 12, 1931, Corl paid the debt, notwithstanding the assumption of same by Stelzer, and took from Kincheloe an assignment of the $6,000 note, together with the note of Stelzer secured by deed of trust as set forth, *ante*. Thereafter, 'upon default in the payment of the collateral note, Corl requested the trustees named in the deed of trust to advertise the eleven-acre tract of land for sale. Thereupon, appellants instituted the present suit to restrain and enjoin the sale.

It appears that after the attempted release by Stelzer there was admitted to record another deed of trust upon the eleven-acre tract of land, to secure notes aggregating $12,500. Those notes are now claimed to belong to the estate of Edith McCullum, deceased, and the right to collect them is asserted in the present suit by her administrator, John Loughran. The bill further alleges that appellants, Loughran and Armstrong, trustees, hold the legal title to the eleven-acre tract securing the debt of $12,500 claimed by the administrator of Edith McCullum.

To the bill of complaint demurrers were filed; special pleas were filed by respondents, demurrers thereto were filed by complainants; joint replications were filed; and, finally, Corl filed a motion to strike the joint replication of complainants; the motion was sustained and the bill dismissed. It is from that decree that this appeal was allowed.

In the briefs of counsel numerous questions are raised, but, in our view, it is only necessary to determine whether or not Corl was entitled to be subrogated to the rights of Kincheloe in all matters affecting the eleven-acre tract of land, and entitled to subject the same under the provisions of the trust deed.

The doctrine, that one who has the right to pay, and does pay, the debt which should have been paid by another is entitled to be subrogated to the rights and remedies of the creditor, is firmly established. See monographic note

to *Janney* v. *Stephen's Adm'r*, 2 Pat. & H. 11; Michie's Digest, Title "Subrogation;" *Baugh & Sons Co.* v. *Black,* 120 Va. 12, 90 S. E. 607.

It is, in our opinion, conclusively established that Stelzer assumed the liability of Corl in regard to the payment due Kincheloe. In the decree nullifying the marginal release entered by Stelzer, the court, while denying the relief prayed for by Corl, did establish the prior right of Kincheloe under his deed of trust to subject the eleven-acre tract of land to the payment of his debt. In addition, Kincheloe had a primary right of action against Corl, who in turn had the right to look to Stelzer to discharge the obligation upon which he (Corl) was bound under the terms of the assumption contract.

Our conclusion is that all necessary parties were before the court; that the deed of trust dated July, 1926, is a valid lien upon the eleven-acre tract of land and paramount to the lien secured by the trust deed dated September 28, 1926; that when Corl discharged the note held by Kincheloe and took an assignment of the debt, he became subrogated to the rights of Kincheloe against Stelzer; that all parties who were before the court upon process, order of publication or by representation are bound by the several decrees; that Corl is entitled to subject the eleven-acre tract of land to the payment of his debt; and that the injunction granted by a justice of this court should be, and is hereby, dissolved.

*Affirmed.*