# Richmond

## Ida F. Nicholas v. George S. Harnsberger, Admr., et als.

October 12, 1942.

Record No. 2571.

Present, Campbell, C. J., and Holt, Hudgins, Browning, Eggleston and Spratley, JJ.

The opinion states the case.

*Charles A. Hammer, Jr.*, and *Glenn W. Ruebush*, for the appellant.

*George S. Harnsberger*, for the appellees.

CAMPBELL, C. J., delivered the opinion of the court.

Appellant has filed a petition for an appeal in this cause, which reads as follows:

### "PRELIMINARY STATEMENT

"This cause was before this Court once before, in which another point of law was involved. The record is Number 2288. It was heard by the Court at its sitting in Staunton in 1940, and was decided October 15, 1940, being reported in Volume 176 of the official reports of this Court at page 255 (176 Va. 255), the mandate being returned to the lower court on November 8, 1940, and the claim of Ida F. Nicholas asserted against the estate of W. T. Herring, deceased, was finally thereby established. Upon the handing down of the mandate of this court, Ida F. Nicholas filed her petition of December 17, 1940, upon which petition the decree herein complained of was entered. Subsequently on February 25, 1941, answers were filed to her said petition setting up certain defenses. Subsequently *similar defenses* in a case of similar facts were considered and disposed of by this

Court in the case of *Lowry* v. *Noell*, 177 Va. 238, 13 S. E. (2d) 312. The Lowry decision was announced after answers were filed to the petition in the case at bar. We respectfully submit that the lower court in entering the decree herein complained of wholly ignored the law as it was announced in the Lowry case.

### "Statement of the Case

"W. T. Herring was a large land owner in Rockingham county, Virginia. He died on October 25, 1937. He died intestate. His sole heir at law was W. I. Herring. W. I. Herring claimed to be a large creditor of his father's estate. The next largest creditor to the W. I. Herring is your petitioner, Ida F. Nicholas. Her claim was finally established by the mandate of this Court following the October, 1940, decision.

"On November 6, 1937, a few days after the burial of his father, W. I. Herring executed a power of attorney to George S. Harnsberger, authorizing him to sell all of the real estate he inherited from his late father, W. T. Herring. The first sale of any of the W. T. Herring real estate was made on December 9, 1937, when 158 acres, 2 roods and 10 poles is purported to have been sold to the appellee, Alvin Self. This sale was made only one month and fifteen days after the death of W. T. Herring. On the next day, namely, December 10, 1937, more W. T. Herring land consisting of 191.61 acres is purported to have been sold to the appellees, G. W. Frazier and C. F. Frazier. On December 22, 1937, less than two months after the death of W. T. Herring, land was sold to the appellee, Mary Susan Shifflett.

"The W. T. Herring estate has been found to be insolvent.

"At the First November Rules, 1938, almost a year after the real estate was sold, the present pending chancery cause of W. T. Herring's Adm'r against W. I. Herring, etc., was instituted. Ida F. Nicholas was made a party respondent to these proceedings.

"Prior to a determination of the validity of the Ida F. Nicholas claim by this Court, George S. Harnsberger, the administrator of the estate of W. T. Herring, paid a fifty per cent dividend to the W. T. Herring Creditors, but paid Ida F. Nicholas nothing. However, on November 25, 1940, the said administrator paid Ida F. Nicholas seven hundred eighty six and 62/100 dollars on her account of her claim, it being a part payment only and not purporting to be a final settlement nor even a final dividend.

"Ida F. Nicholas filed her petition in December, 1940, upon which petition the decree of October 6, 1941, was entered, that being the decree herein complained of.

"Although there was no demurrer to the petition, nor a motion to strike the same, the lower court treated it as though on a demurrer or motion to strike by dismissing it as being without merit.

"W. I. Herring, the heir of W. T. Herring, received from the estate *of* $3,225.74 in cash together with $1,336.61 through his attorney-in-fact by way of commissions from the sale of his father's real estate, within the year, making a total of $4,592.35 received by him from his father's estate to the detriment of this appellant."

In this court the appellees have filed a motion to dismiss the appeal on the ground that, "Said petition for appeal does not comply either with the rules of court or with section 6346 of the Code of Virginia."

Section 6346 of the Code reads, *inter alia*: "A petition for an appeal, writ of error, or *supersedeas* shall assign errors * * *."

The pertinent provision of Rule 14 of the court is as follows:

"The petition for appeal shall contain—

*        *        *        *        *        *

"(b) A brief statement of the material proceedings in the lower court, the errors assigned, and the questions involved in the appeal.

"(c) A clear and concise statement of the facts, with references to the pages of the record where there is any possibility that the other side may question the statement. Where the facts are controverted it should be so stated."

The decree complained of, so far as material, reads thus:

"Upon consideration whereof, and the Court being of the opinion that the said petition filed by Ida F. Nicholas in the parent suit of *W. T. Herring's Administrator, etc.*, vs. *W. 1. Herring, etc.*, is without merit, the Court doth so adjudge, order and decree, and the Court doth further adjudge, order and decree that said petition be and the same is hereby dismissed, and that the defendants to said petition do recover their respective costs in said proceedings against the said Ida F. Nicholas."

It is apparent from reading the petition for appeal that the only error assigned is contained in the language: "We respectfully submit that the lower court in entering the decree complained of wholly ignored the law as it was announced in the *Lowry Case*."

It would be necessary for the court, in order to fully comprehend the assignment of error, to examine the record in the cause of *Harnsberger* v. *Nicholas*, 176 Va. 255, 10 S. E. (2d) 873, which involved the establishment of an indebtedness against the administrator upon an altered note held by the appellee. To determine whether or not the holding in the case of *Lowry* v. *Noell*, 177 Va. 238, 13 S. E. (2d) 312, was disregarded by the trial court, would require an examination of the record of that case and the opinion of the court dealing with five distinct questions raised therein.

When we look to the decree complained of, it bears no perceptible relation to the error relied upon by appellant. An examination of the petition for appeal reveals that the only guidepost relied upon by appellant to point the way, is this language: "Ida F. Nicholas filed her petition in December, 1940, upon which petition the decree of October 6, 1941, was entered, that being the decree herein complained of." Thus, we are invited to read the bill of complaint and

the answer or petition of appellant, to ascertain the question to be determined.

In numerous cases this court has dealt with questions similar to the one involved in this case.

In the leading case of *Orr* v. *Pennington*, 93 Va. 268, 24 S. E. 928, the assignment of error was as follows: "Your petitioner avers that there was manifest error in dismissing said bill and rendering said judgment * * * ."

In holding that the error relied upon was not sufficiently set forth, Judge Buchanan said:

"This is not such an assignment of error, we think, as is required by sec. 3464 (now sec. 6346) of the Code. The petition required is in the nature of a pleading, and should state the case which the party applying for the appeal wishes to make in the appellate court. It ought to assign clearly and distinctly all the errors relied on for a reversal of the case, so that the opposite party may know what questions are to be raised in the appellate court, and not have new questions sprung upon him at or just before the hearing of the cause, when there may not be sufficient time or opportunity for meeting them. * * * ."

In *Puckett* v. *Commonwealth*, 134 Va. 574, 113 S. E. 853, Judge Sims quoted with approval this language from *Clements* v. *Hearne*, 45 Tex. 415:

"To require the appellee or the court to hunt through the record for every conceivable error which the court below may have committed, when none has been pointed out by the party complaining of the judgment, would obviously be unreasonable and oppressive on the party recovering judgment, and most burdensome on this court, unnecessarily impeding the progress of its business; and, by the confusion and uncertainty which it would beget as to questions on which the case was decided in the court below, destroy its character as an appellate tribunal; and by the multiplicity of the questions for discussion tend much more to confusion and error in its own decisions than the correction of errors which may have in fact, occurred in the district court." See, also, cases cited in the opinion.

In dealing with a similar question in *Loughran* v. *Kinche-loe,* 160 Va. 292, 168 S. E. 362, this was said:

"Instead of complying with the holding of this court in *Bank* v. *Trigg,* 106 Va. 327, 56 S. E. 158, 163, wherein the rule is laid down that counsel must 'lay his finger on the error,' the court is invited to delve into the record and winnow the chaff from the wheat."

See the numerous cases cited in the notes to section 6346 of the Code, which deal with every phase of the question relative to the motion to dismiss an appeal because improvidently awarded.

The motion to dismiss the appeal will be sustained without regret, for the reason that the equities of the case are with the appellees.

*Dismissed.*