# Richmond

EARL HARLOW v. COMMONWEALTH OF VIRGINIA.

October 12, 1953.

Record No. 4122.

Present, Hudgins, C.J., and Eggleston, Spratley, Buchanan, Smith and Whittle, JJ.

The opinion states the case.

*John W. Stuart, Jr.,* for the plaintiff in error.

*J. Lindsay Almond, Jr., Attorney General* and *Thomas M. Miller, Assistant Attorney General,* for the Commonwealth.

SMITH, J., delivered the opinion of the court.

The defendant, Earl Harlow, was indicted for the robbery of Arthur Smith, tried by a jury, found guilty and sentenced to nine years in the penitentiary.

The evidence for the Commonwealth showed that about 9:45 p. m. on May 24, 1952, Arthur Smith, the prosecuting witness, was walking down a street in Bristol, Virginia, on his way home. He testified that when he arrived at the corner of Goodson and State streets two men grabbed him and by force took his watch and a small sum of money, and disappeared in the darkness. Smith then ran to a nearby service station and called the city police. When the officers arrived Smith accompanied them to the police station where he made a report of the robbery. At the trial Smith identified the defendant as one of the two robbers.

John Carty, owner of the service station, testified that about 10:00 p. m. one night in May of 1952, Smith came to his place of business, frightened and out of breath, and called the police to report a robbery.

Captain Grover Fleenor of the Bristol, Virginia, police force testified that Smith came to the jail around 11:00 p. m. on May 24, 1952, and reported that he had been robbed of a watch on the corner of State and Goodson streets.

A Waltham pocket watch with a dent in the case was admitted in evidence and identified by Smith and by one O'Neal as the watch which O'Neal had traded to Smith in May of 1952.

Theodore Crumley, a Bristol taxicab driver, identified the watch as one he had received from the defendant in payment of a cab fare.

■ Within sixty days after final judgment defendant filed with the clerk his notice of appeal and assignments of error as follows: "1. Because the trial court erred in giving to the jury in writing, improper instructions in the instance of and on motion of the Commonwealth. 2. The trial court erred in refusing to give to the jury proper instructions offered and requested by the Defendant, in writing, over the objections and exceptions of the Defendant."

At the outset, we are confronted with a motion by the Commonwealth to dismiss the writ of error on the ground that defendant's assignments of error failed to comply with the requirements of our Rule 5:1, § 4[1] and of Code, § 19-257[2].

Prior to February 1, 1950, when the new Rules of Court became effective, appellate procedure required that the *petition* for an appeal, writ of error or supersedeas assign errors. The Rules have superseded this procedural requirement. Now, after perfecting the record in the trial court, the initial step essential to mature an appeal is to give, "prior to the expiration of sixty days after final judgment * * * notice of appeal and assignments of error" as required by Rule 5:1, § 4. In *Skeens* v. *Commonwealth*, 192 Va. 200, 64 S. E. (2d) 764, we held that this rule is mandatory and applies with equal force to both criminal and civil cases. The phrase, "assignments of error" is used in it in the same sense as in Code, §§ 19-257 and 8-474, and therefore for the requirements of a sufficient assignment of error we must look to decisions construing and applying those statutes.

The purpose of assignments of error is to point out the errors with reasonable certainty in order to direct this court and opposing counsel to the points on which appellant intends to ask a reversal of the judgment, and to limit discussion to these points. Without such assignments, appellee would be unable to prepare an effective brief in opposition to the granting of an appeal, to determine the material por-

---

[1] Rule 5:1, § 4 provides: "No appeal shall be allowed unless, prior to the expiration of sixty days after final judgment, counsel files with the clerk notice of appeal and assignments of error. Within fourteen days thereafter counsel for appellee shall file with the clerk his assignment of cross-error, if any. Only errors so assigned will be noticed by this court."

[2] § 19-257, Criminal Procedure, Code of 1950 provides in part as follows: "Any party for whom a writ of error lies may apply therefor on petition, which shall assign errors." This is the identical language used in § 4933, Code of 1919 and § 4054, Code of 1887. § 8-474, Civil Remedies and Procedure, Code of 1950, also applies to the assigning of errors in petitions and is identical with the language used in § 6346, Code of 1919 and § 3464, Code of 1887.

tions of the record to designate for printing, to assure himself of the correctness of the record while it is in the clerk's office, or to file, in civil cases, assignments of cross-error. *Skeens case, supra; Avery* v. *County School Board,* 192 Va. 329, 64 S. E. (2d) 767; *Hall* v. *Hall,* 192 Va. 721, 66 S. E. (2d) 595.

This court has repeatedly dealt with the question here presented by the motion to dismiss.

In the leading case of *Orr* v. *Pennington,* 93 Va. 268, 269, 24 S. E. 928, the only assignment of error was as follows: "Your petitioner avers that there was manifest error in dismissing said bill and rendering said judgment * * * ." In holding that the error relied upon was not sufficient, it was said: "This is not such an assignment of error, we think, as is required by sec. 3464 [now § 8-474] of the Code."

In *Norfolk & W. R. Co.* v. *Perrow,* 101 Va. 345, 350, 43 S. E. 614, this court, in referring to an assignment of error based upon the trial court's refusal to give certain designated instructions, said: "The general statement that the refusal of the court to give instructions is relied on as error is not in compliance with section 3464 [now § 8-474] of the Code, which requires that a petition for an appeal, writ of error, or supersedeas shall assign errors."

In *Lamb* v. *Commonwealth,* 141 Va. 481, 126 S. E. 3, an assignment that the court erred in giving certain specified instructions was held insufficient because it failed to point out wherein the instructions were erroneous.

In *Loughran* v. *Kincheloe,* 160 Va. 292, 298, 168 S. E. 362, it is said: "Instead of complying with the holding of this court in *Bank* v. *Trigg,* 106 Va. 327, 56 S. E. 158, 163, wherein the rule is laid down that counsel must 'lay his finger on the error,' the court is invited to delve into the record and winnow the chaff from the wheat."

In the instant case the supposed assignments, which are set forth above in their entirety, do not point out the errors relied on nor do they identify the instructions which allegedly were erroneously given and refused. In this situa-

tion the assignments of error are insufficient. *James* v. *Commonwealth,* 192 Va. 713, 66 S. E. (2d) 513; *Nicholas* v. *Harnsberger,* 180 Va. 203, 22 S. E. (2d) 23; *Ballard* v. *Commonwealth,* 156 Va. 980, 159 S. E. 222; *Cheatham* v. *Taylor,* 148 Va. 26, 138 S. E. 545; *Patterson* v. *Commonwealth,* 139 Va. 589, 123 S. E. 657; *Noell* v. *Commonwealth,* 135 Va. 600, 115 S. E. 679; *Puckett* v. *Commonwealth,* 134 Va. 574, 113 S. E. 853; *Cottrell* v. *Commonwealth,* 134 Va. 554, 113 S. E. 728; *Rust* v. *Reid,* 124 Va. 1, 97 S. E. 324; *Washington So. Ry.* v. *Cheshire,* 109 Va. 741, 65 S. E. 27. For additional cases see Burks, Common Law and Statutory Pleading and Practice § 425 (4th ed., Boyd, 1952).

■ In addition to this failure of the defendant to comply with Rule 5:1, § 4, he has also failed to preserve properly his objections to the giving and refusing of instructions as required by Rule 1:8[3]. The only objection to the rulings of the trial court as shown by the record is stated thus: "Defendant objected and excepted to the action in giving instruction No. 2 offered by the Commonwealth, and to the refusal to give instruction F offered by defendant."

Rule 1:8 requires that the trial judge be informed of the precise points of objection in the minds of counsel so that he may rule intelligently, thereby avoiding delay and the expense incident to appeals, reversals and new trials upon grounds of objection which might have been obviated or corrected in the trial court. Therefore this Rule must be adhered to unless the exceptions therein stated apply. *Ross* v. *Schneider,* 181 Va. 931, 27 S. E. (2d) 154; *Rook* v. *Atl. Coast Line R. Co.,* 184 Va. 670, 36 S. E. (2d) 559; *Regensburg* v. *Commonwealth,* 159 Va. 1024, 167 S. E. 247. See annotations to Rule 1:8, Cum. Supp., 1950 Code.

---

[3] Rule 1:8 (formerly Rule 22) provides in part as follows: "In civil and criminal cases, all objections to writs of every kind, pleadings, instructions, notices, the admissibility of evidence, or other matters requiring a ruling or judgment of the trial court, shall state with reasonable certainty the ground of objection, and, unless it appears from the record to have been so stated, such objections will not be considered by this court except for good cause shown, or to enable this court to attain the ends of justice."

In *Smith* v. *Commonwealth*, 165 Va. 776, 781, 182 S. E. 124, the following objection was made: "The foregoing instructions Nos. A, B, C, D, E, F, and G were offered by the defendant and refused by the court to which action of the court the defendants excepted." This objection was held insufficient because it failed to comply with Rule 22 (now 1:8).

In *Pauley* v. *Commonwealth*, 151 Va. 510, 144 S. E. 361, none of the assignments of error relative to instructions was considered because the exceptions were in general terms and no grounds therefor appeared in the record.

In *Gray* v. *Commonwalth*, 150 Va. 571, 574, 142 S. E. 397, the assignments of error relative to instructions did not show the grounds of objection to the rulings of the trial court required by Rule 22 (now 1:8) and the court said: "In such a situation, we cannot consider the assignments of error. *Levine* v. *Levine*, 144 Va. 330, 132 S. E. 320; *Keeney* v. *Commonwealth*, 147 Va. 678, 137 S. E. 478; *Kelly* v. *Schneller*, 148 Va. 573, 139 S. E. 275; *Kercher's Admr.* v. *R. F. & P. R. Co.*, *ante* page 108, 142 S. E. 393."

This court can consider only such errors as are properly saved in the record and presented to us by sufficient assignments of error. Defendant has not complied with these requirements. However, it may not be amiss to say that we have carefully considered the twelve instructions granted by the trial court (7 for the defendant and 5 for the Commonwealth) and the one refused, and are of the opinion that upon the whole record the rights of the defendant have not been prejudiced.

Accordingly, the judgment appealed from is affirmed.

*Affirmed.*