COURT OF APPEALS OF VIRGINIA


Present: Judges Elder, Annunziata and Clements


SHAVON JAMIL JOHNSON

MEMORANDUM OPINION[*] BY
v.    Record No. 2517-01-2    JUDGE JEAN HARRISON CLEMENTS
APRIL 22, 2003

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF PETERSBURG
Pamela S. Baskervill, Judge

(Steven P. Hanna, on brief), for appellant.
Appellant submitting on brief.

(Jerry W. Kilgore, Attorney General; Leah A.
Darron, Assistant Attorney General, on
brief), for appellee. Appellee submitting on
brief.


Shavon Jamil Johnson was indicted for first-degree murder and use of a firearm in the commission of murder and convicted in a jury trial of second-degree murder, in violation of Code § 18.2-32, and use of a firearm in the commission of murder, in violation of Code § 18.2-53.1. On appeal, he contends the trial court erred in refusing to grant his proffered instructions on self-defense. Finding appellate review procedurally barred, we affirm Johnson's convictions.

As the parties are fully conversant with the record in this case and because this memorandum opinion carries no precedential

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

value, this opinion recites only those facts and incidents of the proceedings as are necessary to the parties' understanding of the disposition of this appeal.

At the conclusion of the Commonwealth's evidence, Johnson moved to strike the charges against him, arguing that, at best, "the only thing that can go to the jury at this stage is voluntary manslaughter." Johnson also moved to strike the Commonwealth's case altogether on the theory of self-defense because the victim had earlier threatened to kill him, a fired gun was found near the victim's body, and the victim walked up the street when he could have gotten a ride home with his friends. Under the circumstances, Johnson argued, he was entitled to shoot the victim in self-defense. The Commonwealth argued, inter alia, that there was no evidence that Johnson heard the victim's threat or that he was aware the victim may have armed himself. The trial court denied the motion, without explanation, and Johnson rested without presenting any evidence. Johnson subsequently renewed his motion to strike, making no new arguments.

The trial court inquired whether counsel wanted to consider the jury instructions in chambers, and Johnson's attorney agreed. After the jury was instructed and had retired to deliberate, Johnson's counsel stated on the record during a recess as follows:

> My jury instructions, defense jury instructions on self-defense have been marked "seen and refused" per the Judge over my objection.

-

Johnson's counsel then read the two refused instructions into the record.  The first instruction pertained to self-defense without fault, and the second instruction pertained to self-defense with fault.  Immediately after reading the second instruction, Johnson's counsel concluded his statement for the record, saying, "That's it."  Johnson's counsel did not indicate why he believed the refused instructions were proper under the evidence presented.  Likewise, he did not discuss the Commonwealth's response to those instructions or the trial court's rationale for refusing them.  Nothing more was said on the record by the parties or court regarding the refused jury instructions.

Johnson asserts, on appeal, that the trial court erred in refusing his proffered self-defense instructions because the Commonwealth "failed to exclude every reasonable hypothesis of innocence."  Johnson argues that, based on the evidence that the victim had earlier threatened to kill him and a discharged gun that was not the one used to shoot the victim was found near the victim's body, a reasonable jury could have found that Johnson reasonably believed it was necessary to shoot the victim in order to save his own life.  Accordingly, Johnson concludes, the jury should have been permitted to determine whether he shot the victim in self-defense.

Rule 5A:18 provides, in pertinent part, that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the

-

<u>grounds therefor</u> at the time of the ruling." (Emphasis added.) Pursuant to Rule 5A:18, we "will not consider an argument on appeal which was not presented to the trial court." <u>Ohree v. Commonwealth</u>, 25 Va. App. 299, 308, 494 S.E.2d 484, 488 (1988). The purpose of this rule is to insure that the trial court and opposing party are given the opportunity to intelligently address, examine, and resolve issues in the trial court, thus avoiding unnecessary appeals. See <u>Lee v. Lee</u>, 12 Va. App. 512, 514, 404 S.E.2d 736, 737 (1991); <u>Kaufman v. Kaufman</u>, 12 Va. App. 1200, 1204, 409 S.E.2d 1, 3-4 (1991). Merely objecting to a trial court's refusal to give a proffered instruction to the jury is insufficient to preserve for appeal a claim that the instruction should have been granted. See <u>Harlow v. Commonwealth</u>, 195 Va. 269, 273, 77 S.E.2d 851, 853 (1953).

In addition,

> "the judgment of the lower court is presumed to be correct and the burden is on the appellant to present to us a sufficient record from which we can determine whether the lower court has erred in the respect complained of. If the appellant fails to do this, the judgment will be affirmed."

<u>Smith v. Commonwealth</u>, 16 Va. App. 630, 635, 432 S.E.2d 2, 6 (1993) (quoting <u>Justis v. Young</u>, 202 Va. 631, 632, 119 S.E.2d 255, 256-57 (1961)).

Here, the record shows that the jury instructions were considered in chambers. Although the record contains Johnson's proffered instructions on self-defense and his objection to the

-

trial court's refusal to grant them, nothing in the record shows what arguments, if any, Johnson made to the trial court as to why the instructions were appropriate under the evidence. Indeed, as far as the record shows, Johnson failed to state any grounds for his objection at the time of the trial court's ruling.

We conclude, therefore, that Johnson did not properly preserve his objection for appeal. Consequently, he is procedurally barred from raising this claim on appeal.

Moreover, the record does not reflect any reason to invoke the good cause or ends of justice exceptions to Rule 5A:18.

Accordingly, we affirm Johnson's convictions.

<u>Affirmed.</u>