COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Malveaux, Ortiz and Causey

EDWARD L. MAHLER

MEMORANDUM OPINION*
v.      Record No. 0232-22-3                          PER CURIAM
                                                      DECEMBER 13, 2022
LAWRENCE PERRY AND ASSOCIATES, INC.


FROM THE CIRCUIT COURT OF THE CITY OF ROANOKE
Onzlee Ware, Judge

(Edward L. Mahler, on briefs), *pro se*.

(Monica T. Monday; Paul G. Klockenbrink; David R. Berry;
Imani E. Sowell; Gentry Locke, on brief), for appellee.


On April 13, 2021, Edward L. Mahler filed a *pro se* complaint alleging that Lawrence Perry

and Associates, Inc., violated various laws, breached an employment contract, and committed other

wrongs in terminating his employment. On July 1, 2021, Mahler filed an amended complaint.

After a hearing, the circuit court granted Lawrence Perry's plea in bar, sustained its demurrer, and

dismissed Mahler's amended complaint by an order entered January 13, 2022. On appeal, Mahler

primarily argues that the circuit court should not have considered Lawrence Perry's responsive

pleadings because Lawrence Perry was in default. After examining the briefs and record in this

case, the panel unanimously holds that oral argument is unnecessary because "the appeal is wholly

without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a). Because Mahler's assignments of error

either fail to address specific rulings by the circuit court or are not supported by sufficient legal

analysis and authorities, we affirm the circuit court's judgment.

_____
* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

In reviewing a circuit court's judgment sustaining a demurrer, we "accept as true all factual allegations expressly pleaded in the complaint and interpret those allegations in the light most favorable to the plaintiff." *Seymour v. Roanoke Cnty. Bd. of Supervisors*, ___ Va. ___, ___ (June 9, 2022) (quoting *Coward v. Wellmont Health Sys.*, 295 Va. 351, 358 (2018)). "Furthermore, we draw any reasonable inferences arising from the express factual allegations of the complaint in the plaintiff's favor." *Id.*

Mahler's original complaint alleged that on February 28, 2020, Lawrence Perry terminated his employment as an electrical engineer. In addition to various state-law claims, the complaint alleged that Lawrence Perry violated the federal Age Discrimination in Employment Act of 1967. Lawrence Perry removed the case to the United States District Court for the Western District of Virginia on May 10, 2021, twenty days after its registered agent was served, invoking federal question jurisdiction created by the federal law claim and supplemental jurisdiction over the rest of the complaint. On May 20, 2021, the circuit court entered an order transferring the case file to the federal district court.

Lawrence Perry moved the federal district court to dismiss the complaint for failure to state a claim. In response, Mahler moved to remand the case to the circuit court, asserting that his complaint sought "no relief under federal law," and requested leave to amend his complaint to clarify that he was asserting only state-law claims. Construing Mahler's motion to amend his complaint "as a voluntary dismissal without prejudice of his federal age discrimination claims," the district court granted Mahler's motion and remanded the case to the circuit court on June 10, 2021.

Lawrence Perry filed a plea in bar and demurrer in the circuit court one day after remand. On July 1, 2021, Mahler opposed Lawrence Perry's plea in bar and demurrer and moved for default judgment, asserting that Lawrence Perry was in default because it filed the motion to dismiss in the

- 2 -

district court twenty-seven days after service of the complaint. Mahler also filed an amended complaint on July 1, for which he did not seek leave until July 14; the circuit court granted Mahler leave to amend his complaint on July 19, 2021. On July 26, 2021, Lawrence Perry filed a plea in bar and demurrer in response to the amended complaint, with which it had been served on July 7, 2021.

Mahler again moved for default judgment on July 28, 2021, arguing that Lawrence Perry was in default because it had not filed a responsive pleading until June 11, 2021. Lawrence Perry opposed Mahler's motion for default judgment, contending that it had timely filed its plea in bar and demurrer. It asserted that the removal—twenty days after service—paused the proceedings in the circuit court and that it had met the twenty-one-day deadline because it filed the responsive pleadings one day after remand to the circuit court. Additionally, Lawrence Perry argued that it filed its plea in bar and demurrer in response to the amended complaint on July 21, 2021, within twenty-one days of the complaint's July 1 filing, the July 7 service on Lawrence Perry, and the July 19 order granting leave to amend. The circuit court denied Mahler's motion for default judgment without a hearing on August 16, 2021, finding that the amended, rather than original, complaint, was the controlling pleading and that Lawrence Perry had responded to the amended complaint within twenty-one days. On September 2, 2021, Mahler moved the circuit court to reconsider its order and hold a hearing on his motion for default judgment. The circuit court did not rule on Mahler's motion.

At a videoconference hearing on Lawrence Perry's plea in bar and demurrer, technical issues at times caused participants to have difficulty hearing each other. During argument by Lawrence Perry, Mahler stated that the audio was "breaking up" and asked to continue the hearing; the circuit court did not acknowledge Mahler's request. After Lawrence Perry finished, Mahler presented his argument without any recurrence of the issue. The circuit court permitted Mahler to

argue that Lawrence Perry had gone into default. Mahler asserted that the twenty-one-day deadline expired before May 20, 2021, when the circuit court entered the order to transfer the case file to the federal district court. After giving Mahler "some leeway" in adding new assertions at the hearing, however, the circuit court took Mahler's argument under advisement and ruled that it would not allow him to present any further argument on that issue at the hearing on Lawrence Perry's plea in bar and demurrer.

After the hearing, the circuit court dismissed Mahler's amended complaint with prejudice and without leave to amend. Mahler moved the circuit court to vacate or set aside its dismissal order. The circuit court denied Mahler's motion on January 31, 2022. Mahler appeals.

## ANALYSIS

A. Mahler's second, third, fifth, six, eleventh, and sixteenth assignments of error do not address a specific circuit court ruling, finding, or failure to rule.

In assignments of error two, three, five, and six, Mahler contends that Lawrence Perry or its counsel "misled" the circuit and district courts, "fail[ed] to consider or misinterpret[ed]" pleading requirements after removal, "fail[ed] to prove that" removal was proper, did not timely file a "responsive pleading with the Notice of Removal," and violated his "constitutional rights" when it "improperly remove[d]" the case. Mahler's eleventh assignment of error asserts that "judges erred" by "allowing for many forms of discrimination to prevail" and that Lawrence Perry's counsel misled the circuit and districts courts by "tendering orders containing false information," encourages Lawrence Perry's counsel to "do what is ethically right" by admitting default, and urges that "recordings of all hearings would prove valuable." Finally, Mahler's sixteenth assignment of error asserts that the circuit court erred by "admonishing [Mahler] for not setting a notice of hearing for the Default Judgment when 'falling into default' requires no application by the plaintiff."

"An assignment of error that does not address the findings, rulings, or failures to rule on issues in the trial court . . . is not sufficient." Rule 5A:20(c)(2). "Thus, litigants are required to

- 4 -

identify with specificity the error committed by the trial court." *Findlay v. Commonwealth*, 287 Va. 111, 115 (2014) (discussing analogous provision in Rule 5A:12(c)(1)(ii)). The purpose of assignments of error in both civil and criminal appeals "is to point out the errors with reasonable certainty in order to direct [the appellate court] and opposing counsel to the points on which [the] appellant intends to ask a reversal of the judgment, and to limit discussion to these points." *Id.* (second alteration in original) (quoting *Harlow v. Commonwealth*, 195 Va. 269, 271 (1953)).

Mahler's assignments of error two, three, five, and six do not address a specific ruling, finding, or failure to rule of the circuit court but instead suggest Lawrence Perry or its trial counsel acted improperly. His eleventh assignment of error fails to identify a specific ruling of the circuit court. It vaguely accuses the circuit court for "allowing for many forms of discrimination to prevail" and urges the circuit court to make "recordings of all hearings" while contending it entered two orders that were "not accurate." Finally, Mahler's sixteenth assignment of error also fails to identify a ruling of the circuit court because a court does not *rule* by "admonishing" a litigant.

In sum, none of the above assignments of error identifies the alleged "errors with reasonable certainty" so that this Court and Lawrence Perry's counsel may know "the points on which" he seeks a reversal of the judgment. *Findlay*, 287 Va. at 115 (quoting *Harlow*, 195 Va. at 271). Instead of laying "'his finger on the error,'" Mahler invites this Court "'to delve into the record and winnow the chaff from the wheat.'" *Id.* at 115-16 (first quoting *Carroll v. Commonwealth*, 280 Va. 641, 649 (2010); and then quoting *Loughran v. Kincheloe*, 160 Va. 292, 298 (1933)). As the above assignments of error fail to address a specific ruling, finding, or failure to rule of the circuit court, we do not consider them.

> B. Mahler's remaining assignments of error are waived because his brief contains insufficient legal analysis or authority.

Mahler's first, fourth, seventh, eighth, and thirteenth assignments of error assert that Lawrence Perry "fell into default" by not timely filing a responsive pleading before its "improper

removal" of the case to the district court, and thus that the circuit court erred by signing the May 20 order to transfer the case file to the district court, hearing Lawrence Perry's plea in bar and demurrer after remand, and dismissing Mahler's complaint. Mahler's ninth, tenth, and fourteenth assignments of error contend that the circuit court did not "recogniz[e] [his] right to object" during the hearing on the plea in bar and demurrer, did not consider his "valid pleadings" and "requests," and did "not vacat[e] the final order."[1] His twelfth assignment of error challenges the audio-visual technology used by the circuit court for the hearing. Mahler's fifteenth assignment of error contends that the circuit court "erred by allowing unethical professionals to perpetuate discrimination" because the circuit court "signed orders that contain false statements of fact or law."

An opening brief must contain "the argument (including principles of law and authorities) relating to each assignment of error." Rule 5A:20(e). Rule 5A:20(e) requires an appellant who believes the circuit court erred to "present that error to us with legal authority to support [his] contention." *Bartley v. Commonwealth*, 67 Va. App. 740, 746 (2017) (quoting *Fadness v. Fadness*, 52 Va. App. 833, 851 (2008)). An appellate court "is entitled to have the issues clearly defined and to be cited pertinent authority." *Id.* at 744 (quoting *Jones v. Commonwealth*, 51 Va. App. 730, 734 (2008), *aff'd in part, vacated in part on other grounds*, 279 Va. 52 (2010)). It "is not a depository in which the appellant may dump the burden of argument and research." *Milam v. Milam*, 65 Va. App. 439, 465 (2015) (quoting *Fadness*, 52 Va. App. at 850).

---

[1] Mahler also challenges the circuit court's failure to grant a continuance during the hearing. Mahler requested a continuance, stating that the sound was "breaking up," but the circuit court never ruled on his request. Where a party fails to obtain a ruling on a matter presented to a circuit court, there is nothing for this Court to review on appeal. *See Williams v. Commonwealth*, 57 Va. App. 341, 347 (2010) (holding that failure to obtain a ruling waives the argument under Rule 5A:18). Even assuming that Mahler preserved the issue, the circuit court did not abuse its discretion by not granting a continuance, as Mahler thereafter presented argument without any issue and without renewing his request. *See Haugen v. Shenandoah Valley Dep't of Soc. Servs.*, 274 Va. 27, 34 (2007) ("The circuit court's ruling on a motion for a continuance will be rejected on appeal only upon a showing of abuse of discretion *and* resulting prejudice to the movant.").

"Unsupported assertions of error 'do not merit appellate consideration.'" *Bartley*, 67 Va. App. at 744 (quoting *Jones*, 51 Va. App. at 734).

"[I]t is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him." *Blankenship v. Commonwealth*, 71 Va. App. 608, 623 n.2 (2020) (quoting *Bartley*, 67 Va. App. at 746). When an appellant "fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived." *Id.* (quoting *Bartley*, 67 Va. App. at 746). This Court has thus held that a criminal appellant's failure to comply with Rule 5A:20 was significant when he made "one reference" to one case and failed to "support [his] argument with any legal analysis or authority" from that case or "any other source." *Bartley*, 67 Va. App. at 745. This Court declined to consider his arguments because his failure left this Court "without a legal prism through which to view his alleged error." *Id.* at 746; *see Davis v. Commonwealth*, 70 Va. App. 722, 738 (2019) (declining to consider appellant's arguments for which he cited only one source and provided no "supporting legal authority").

Mahler fails to fulfill his obligation to provide legal authority to support any of his assignments of error. The arguments in support of his first, seventh, eighth, ninth, tenth, thirteenth, fourteenth, and fifteenth assignments of error contain scattered legal authorities, but his brief provides, at best, "skeletal arguments" that do not explain how the authorities he cites relate to the asserted errors or support reversing the circuit court's judgment.[2] *See Bartley*, 67 Va. App. at 745-46 (finding that an appellant waives an issue if he "merely constructs a skeletal

---

[2] The argument in support of Mahler's seventh assignment of error also asserts that the circuit court erred by "signing the amended complaint before resolving the default judgment." Assuming that by "signing" Mahler intends to challenge the circuit court's grant of leave to file the amended complaint, this argument is inconsistent with his motion for leave to amend. "It is improper for a litigant to invite error and take advantage of the situation created by [his] own wrong." *Stark v. Dinarany*, 73 Va. App. 733, 749 (2021) (quoting *Matthews v. Matthews*, 277 Va. 522, 528 (2009)). Thus, we do not consider Mahler's argument.

argument" and that citation to a legal authority is not enough if the appellant fails to "support his argument with any legal analysis or authority"). Mahler does not analyze and apply the cited authorities to the facts of this case to demonstrate how the citations support his contentions. Instead, he summarily asserts that the circuit court erred, implicitly inviting this Court to construct his legal arguments for him. Thus, Mahler fails "to provide legal argument and authority as required by Rule 5A:20" and "leaves [this Court] without a legal prism through which to view his alleged error." *Davis*, 70 Va. App. at 738 (alteration in original) (quoting *Bartley*, 67 Va. App. at 746).

Additionally, Mahler's argument in support of his fourth and twelfth assignments of error consists of two sentences and more than two pages, respectively; neither argument cites to or discusses any legal principles or authorities that relate to his contentions and support reversing the circuit court's judgment. Thus, Mahler's arguments in support of these two assignments of error are also deficient.

Mahler's failure to comply with Rule 5A:20(e) by providing legal authority and analysis in his brief is significant. Accordingly, his arguments are waived. Rule 5A:20(e).

CONCLUSION

For these reasons, the circuit court's judgment is affirmed.

*Affirmed*.