# <u>VIRGINIA:</u>

*In the Supreme Court of Virginia held at the Supreme Court Building in the City of Richmond on Thursday the 19th day of October, 2023*

Present:  All the Justices

Heath Nicholas Moison,                                                                    Appellant,

against          Record No. 220536
                     Court of Appeals No. 1038-21-1

Commonwealth of Virginia,                                                          Appellee.

                                                          Upon an appeal from a judgment
                                                          rendered by the Court of Appeals of
                                                          Virginia.

Upon consideration of the record, briefs, and argument of counsel, for the reasons set forth below, this Court affirms the judgment of the Court of Appeals; however, this Court vacates the portion of the Court of Appeals' opinion deciding that witness Laurie Lee's proffered testimony provided Heath Nicholas Moison ("Moison") with an alibi.

## I.  BACKGROUND

Moison was convicted of three counts of aggravated sexual battery by a parent under Code § 18.2-67.3 and four counts of taking indecent liberties with a child under Code § 18.2-370.1.  Moison's two minor daughters, K.M. and B.M., alleged that, over a nine year period, Moison inappropriately touched them during weekend visitation.  B.M. testified that Moison would "rub [her] back underneath [her] shirt," "mess with [her] breasts," "put his mouth on [her] breasts]," "rub [her] stomach," and "try to stick his hands in [her] pants" at night while she was asleep, causing her to wake up.  Moison would stop and leave when B.M. "turned over" in bed to face a different direction.  Moison engaged in similar behavior with K.M., starting when she was around eight or nine years old.  K.M. testified that Moison touched her breasts, stomach, and vagina at night when she was asleep, causing her to wake up.

The catalyst for Moison's convictions occurred on November 4, 2018.[1]  Moison and his daughters attended a party hosted by his friend, Laurie Lee ("Lee"), on the night of November 3, 2018.  The girls slept on a pair of couches in Lee's living room while the adults remained outside, "sitting around the fire smoking and drinking."  Around 5 a.m. on November 4, 2018, B.M. woke up to Moison "laying down on the ground next to [her] and rubbing [her] back."  Moison "tried to go inside [her] pants," but B.M. turned away.  Moison unsuccessfully tried to turn B.M. back around before stopping.  B.M. then saw Moison move over to K.M. and put his hands under her blanket.  K.M. testified she, B.M., and Moison slept in Lee's living room.  K.M. woke up at "maybe three or four o'clock in the morning" with Moison's hand on her side and breast.  K.M. tried to move on the couch to stop Moison.  When her efforts were unsuccessful, she got up to go to the bathroom to make Moison stop.

Following this incident, B.M. wrote her mother a letter the next day stating that "since she was little," Moison would "sexually touch [her]" and K.M. during their weekend visits with Moison.  B.M. explained that she had waited to disclose Moison's touching because she was afraid her mother would not believe her, but gained the courage when she saw Moison touching K.M.  K.M. later testified she had not told anyone about the touching because she was afraid of "what would happen if [she] did tell" and that she would not be believed.

At trial, Moison called Lee to testify in his defense.  Lee confirmed that Moison and his daughters had attended her party on November 3, 2018, and subsequently spent the night in her home.  Lee testified that K.M. and B.M. went into the living room to sleep around 3 a.m. on November 4, 2018.  Moison's counsel then asked Lee what time she and Moison went inside.[2]  The Commonwealth objected, arguing that Lee's testimony would serve as an alibi for Moison, who had not provided the Commonwealth with notice of any alibi witnesses or testimony.  Moison's counsel responded that, "[Moison was] at the same place the girls were.  Alibi is if he's somewhere else is my understanding, and he's right there with everybody else.  The girls testified he was there."  Moison's counsel then explained that she had not disclosed Lee's testimony before trial because Lee had not been available "until about a week" before trial, "if

_____

[1] This incident falls outside of the dates charged within the indictments.  However, K.M. and B.M. came forward as a result of this incident.

[2] Lee's proffered testimony would have been that she and Moison remained outside until 6 a.m. before going into the house and watching a movie together until the girls woke for the day shortly thereafter.

this [testimony] is an alibi." Moison never argued that the evidence was meant to impeach the girls. The trial court sustained the objection.

Moison appealed to the Court of Appeals, which affirmed his convictions in an unpublished opinion. The court defined alibi as a defense based on the physical impossibility of committing a crime. *Moison v. Commonwealth*, Record No. 1038-21-1, 2022 WL 3031134, at *4-5 (Va. Ct. App. Aug. 2, 2022). Therefore, the Court of Appeals held that Lee's proffered testimony served as an alibi because it placed Moison outside of the room where the offenses occurred, thus making it physically impossible for Moison to have committed the offenses. *Id.* at *5. The court concluded that, under Rule 3A:11(d)(2), Moison was obligated to notify the Commonwealth of his alibi testimony. *Id.* at 10.

## II. ANALYSIS

"No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling." Rule 5A:18, *see also* Rule 5:25. This Rule "afford[s] the trial judge an opportunity to rule intelligently on objections." *Maxwell v. Commonwealth*, 287 Va. 258, 264-65 (2014). When making an objection, "the parties must inform the [trial] court of the precise points of objection in the minds of counsel," and make the objection "at a point in the proceeding when the trial court is in a position . . . to consider the asserted error [and] rectify the effect of the asserted error." *Id.* at 265 (internal quotation omitted). "On appeal, though taking the same general position as in the trial court, an appellant may not rely on reasons which could have been but were not raised for the benefit of the lower court." *West Alexandria Props., Inc. v. First Va. Mortg. & Real Estate Inv. Tr.*, 221 Va. 134, 138 (1980); *see also Floyd v. Commonwealth*, 219 Va. 575, 584 (1978) (holding that this Court will not consider an argument that differs from the specific argument presented to the trial court, even if it relates to the same general issue).

Moison stated his sole assignment of error as follows:

The Court of Appeals erred in affirming the trial court's barring the Defendant from presenting relevant and material testimony on grounds that the evidence was alibi evidence which had not been properly disclosed to the Commonwealth in advance of trial pursuant to Rule 3A:11(d)(2) of the Rules of the Supreme Court of Virginia because *such testimony did not constitute evidence of alibi but rather was offered to impeach by contradiction the testimony of the two alleged victims.*

3

(Emphasis added).[3] Moison's use of "because" in his assignment of error operates as a subordinating conjunction[4] that links the assigned error to the admission of Lee's testimony as impeachment evidence, not alibi evidence. As drafted, the syntax of the assignment of error cabins the error that this Court can consider to only whether the trial court erred by not admitting Lee's testimony as impeachment evidence.

This interpretation may seem narrow, but it is consistent with this Court's oft-repeated maxim that "[t]he purpose of assignments of error is to point out the errors with reasonable certainty in order to direct [the] court and opposing counsel to the points on which appellant intends to ask a reversal of the judgment, and to limit discussion to these points." *Yeatts v. Murray*, 249 Va. 285, 290 (1995) (quoting *Harlow v. Commonwealth*, 195 Va. 269, 271–72 (1953)). Moison's trial counsel never argued that Lee's testimony was offered to impeach the victims, a fact conceded by counsel at oral argument.[5] Because Moison has waived his challenge that the proffered testimony was offered for impeachment, the Court of Appeals erred in ruling on the merits of this issue.

Accordingly, the Court vacates that portion of the Court of Appeals' opinion deciding that Lee's proffered testimony provided Moison with an alibi. The Court, however, affirms the Court of Appeals' judgment upholding Moison's conviction. As a result, the final order of the trial court remains, undisturbed.

This order shall be published in the Virginia Reports and certified to the Court of Appeals of Virginia and the Circuit Court of the City of Norfolk.

A Copy,

Teste:

*Muriel Ethis Pitney*

Clerk

---

[3] This assignment of error mirrors the second assignment of error that Moison argued in the Court of Appeals.

[4] This principle has often been recognized by this Court. *See, e.g., AlBritton v. Commonwealth,* 299 Va. 392, 412 (2021).

[5] The Court of Appeals agreed that Moison raised the issue of impeachment for the first time on appeal, but nevertheless addressed his assignment of error. *Moison* at *9, n. 2.

4